Steigleman et al. v. McBride.

# Calvin Steigleman et al., Plaintiffs in Error, v. A. McBride, Defendant in Error.

## ERROR TO MADISON.

A mechanic's lien, as created by the statute, is not upon the specific thing furnished, nor upon the interest alone of the party in the land, for whom furnished, but against the land, to be satisfied in any way consistent with the statute and the principles of equity.

Generally, although all the materials furnished, upon which the lien accrues, are destroyed or removed, the lien still continues against the land.

In a proceeding, under this lien, against a party in possession, though he should not be the owner, the land may be sold, and the purchaser will take the title as against him; and whatever interest he had in the land will vest in the purchaser.

Persons not parties to the proceeding will not be affected by it.

If the work done, or the materials furnished, is so furnished or done upon distinct premises, the lien must be against each of the several premises, according to the value of work and materials, and not against both for the aggregate amount.

The lien does not follow the materials furnished, from place to place, but is upon the land; severed from the land, they become personal property until again united or merged in the land.

THE facts of this case will be found in the opinion of the court.

S. T. SAWYER, for Plaintiffs in Error.

H. W. BILLINGS, for Defendant in Error.

SKINNER, J.   This was a petition for mechanics' lien, by Steigleman and another, against McBride and another.   The petition shows that petitioners had furnished labor and materials for defendants, in the erection and repair of a certain saw-mill and barrel machine, situated upon certain premises in Alton, in the possession of defendants; that defendants afterwards removed said mill and machinery to and upon other premises in Alton, in their possession; and that, after the removal, petitioners in like manner furnished labor and materials in the repair of the same. The Circuit Court sustained a demurrer to the petition, and this decision is assigned for error.

The defendants below contend that the petition is insufficient because it does not show that they are the owners of the premises, and because the mill was removed from the ground upon which it was originally erected.

Although the first section of the mechanics' lien law gives, in terms, the lien against the land upon which the work is done, and for improving which the materials are furnished, as against the party contracting for the same, yet the seventeenth section provides, "that if the person who procures the work to be done, or materials furnished, has an estate for life only, or any other

estate, less than a fee simple, in the land or lot on which the work is done or materials furnished, or if such land or lot, at the time of making the contract, is mortgaged, or under any other incumbrance, the person who procures the work or materials shall nevertheless be considered the owner, within the meaning of this chapter, to the extent of his right and interest in the premises; and the lien herein provided for shall bind his whole estate and interest therein, in like manner as a mortgage would have done; and the creditor may cause the right of redemption, or whatever other right or estate such owner had in the land at the time of making the contract, to be sold, and the proceeds of sale applied according to the provisions of this chapter."

The twentieth section provides for the payment of incumbrances, prior and subsequent, and of the mechanics' lien, and for the application of the proceeds of the sale, according to the rights and liens of the respective parties; paying the mechanics' lien before subsequent incumbrances, and to the exclusion of prior, except to the extent of the value of the land, excluding the improvements on account of which the lien accrued. When work is done or materials furnished under the provisions of this law, they become a part of the *land*, and, together with the ground upon which the improvement is made, form one entire thing, that is, real estate; and, however many interests there may be in the land, and by whatever names they may be known, all together constitute the *land*.

The land may be sold in this proceeding, the value evolved into money, and the money applied according to the rights of all parties in interest and before the court. The lien created by the law is not against the specific thing furnished, nor necessarily against the interest alone, in the land of the party for whom they are furnished, but against the land, and should be satisfied out of the same in any manner consistent with the statute, and the principles of equity.

Although the entire materials, buildings and improvements, on account of which the lien accrued, be removed, rendered worthless, or destroyed by accident, the lien still continues against the land. Exceptions may of necessity perhaps exist to these general rules.

The person for whom the work is done or materials furnished may have a life estate in the land, determinable at a period uncertain, as the life may be long or short; he may have a right of possession for a period certain, and the improvements and erections may be of a character entitling him to remove them on surrender to the owner of the fee. In the like cases we do not attempt a construction of the statute. A party in posses-

sion of land is presumed to be in rightfully, and with *claim* of the fee, to be the *owner* of the fee. *Mason* v. *Park*, 3 Scam. 532; *Davis* v. *Easley*, 13 Ill. 192, 198.

In a proceeding against the party in possession, though he be not the owner, the land may be sold and the purchaser will take the title, as against him. *Switzer et al.* v. *Skiles*, 3 Gil. 529, 533; *Ferguson* v. *Miles*, ibid. 358, 365.

Under the statute relating to mechanics' liens, as against the party for whom the work is done or materials furnished, and who is in possession, the land may be subjected to sale, and whatever interest he may have therein, be it more or less, will vest in the purchaser. *Turney* v. *Saunders et al.*, 4 Scam. 527; *Garrett* v. *Stephenson et al.*, 3 Gil. 261, 280.

But persons not parties to the proceeding would in no manner be affected thereby. It then follows, that whatever interest these defendants had in the several premises at the time the liens accrued, in this proceeding against them alone, may be subjected to satisfaction of the debt for the work done, and materials furnished; and the lien must be against each of the several premises, according to the value of work done and materials furnished upon them respectively, and not against both for the aggregate amount.

The lien, being against the land, does not follow the materials furnished, from place to place. When severed from the land, they become personal property, and must be governed by the rules relating to such property, until again united with, or merged in the land.

Taking the petition as true upon demurrer, the petitioners are entitled to liens against each of the premises described in their petition to the extent of the work done and materials furnished, and to a decree subjecting them separately to sale, for the satisfaction of the liens against them respectively.

Decree reversed and cause remanded.

*Decree reversed.*