# JOHN B. SONTAG *et al.*

## *v.*

# MICHAEL L. BRENNAN.

MECHANICS' LIEN — *building destroyed by fire before completion.* Where labor is performed and materials furnished under a contract to do the carpenter's work, only, of a building, the risk of destruction by fire to be on the owner, and the building is destroyed by fire, so that the workman is prevented, without fault on his part, from completing his contract, a decree giving him a lien on the lot for the sum due him for work and material will not be disturbed.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was a petition for a mechanic's lien, filed by Michael Brennan against John B. Sontag and Theodore Schintz. The opinion states the facts.

Messrs. STORY & KING, for the appellants.

Mr. M. F. HEENAN, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

The lien sought to be enforced was for work and materials actually done and furnished, just before the occurrence of the great fire in Chicago, October 9, 1871, which destroyed the building. Appellee was not to construct the whole building, but the carpenter work only. The building was to be a four story brick building. By the very terms of the contract, as between these parties, the risk of destruction by fire was to be upon appellant. When the fire destroyed both what appellee had done and the walls of the structure, of course the work stopped, but not by appellee's fault. The latter was to be paid for his work as it progressed, the rate of fifteen per cent being

held back.    At the time the work was suspended there was nearly a thousand dollars due him.   This was afterward agreed upon between the parties.   By the contract it was to be paid upon the architect's certificate, but the non-production of such certificate is excused.   As to a subsequent default on the part of appellee, the evidence was conflicting, his evidence tending to show that he was prevented by appellant from going on. The jury have settled that question, and we cannot interfere. We think the petition was sufficient, and that the merits of the case are clearly with the appellee, and the decree will be affirmed.

*Decree affirmed.*