## ARGUED AND DETERMINED

IN THE

# COURT OF COMMON PLEAS,

FOR THE

## CITY AND COUNTY OF NEW YORK.

JOHN SCHUKRAFT *et al. against* JOHN RUCK *et al.*

(Decided March 1st, 1875.)

Where the mechanic's lien law gives a lien upon the building and "upon the lot upon which the *same shall stand*," and the building is blown down before the filing of the notice which creates the lien: *Held*, that no lien is acquired by filing the notice; that if there is no building remaining, there can be no lien.

APPEAL from a judgment entered on the report of a referee in a proceeding to enforce a mechanic's lien.

The facts are stated in the opinion.

*Stilwell & Swain,* for appellants.

*Runkle & Englehart,* for respondents.

DALY, Chief Justice.—There was nothing to which the lien would attach. The notice to create the lien was filed on the 24th of November, 1871, and on the 14th of November, ten

days previously, the whole building was blown down, in a storm, to its very foundation. The statute provides that a lien may be created upon the building towards the erection of which the person filing the notice has performed labor or furnished materials, "*and* upon the lot upon which the same shall stand." There was no building standing upon the lot when the plaintiff sought to create a lien by the filing of a notice. It had disappeared, and another building has been erected in its place, towards the erection of which the plaintiff has in no way contributed.

It is, in my judgment, unnecessary to consider the point which the referee has discussed, whether the blowing down of the building was attributable to the fact that the plaintiff put on the roof before the walls on each part were sufficiently up. For all we know, or the referee knew, it might have blown down if the roof had not been on. Such things occur. It is therefore, in my judgment, immaterial whether the defendant Ruck desired that the plaintiff should go on with the roof in the state in which the walls then were. He was not bound to do so. He could not be required to do so until the walls were sufficiently up to enable him to attach the roof securely to them. That they were not was not his fault, as he was the carpenter, and if there was delay it was the delay of the mason. Without therefore going into the question at all, the point to be disposed of is, to what could the lien attach? It is given on the building and the lot on which it stands. The ruins left are not the building, but the debris remaining after the building no longer exists, and it cannot attach to the lot, for it has no building upon it. This is a remedy *in rem*. It is a security which attaches to the building *and* the lot on which it stands, for the benefit of the mechanic, laborer or material-man who has contributed to the erection of the building, and if there is no building there can be no lien.

The defendants are in no way answerable for the fall of the building. It was erected under a contract, and the loss arising from its having blown down falls upon the contractor, who must erect another or answer in damages for the non-performance of his contract (*Trustee of Trenton* v. *Bennett*, 3 Dutcher

(N. J.) 514; *Tompkins* v. *Dudley*, 25 N. Y. 272). The judgment should be reversed.

J. F. DALY and ROBINSON, JJ., concurred.

Ordered accordingly.