———o———

PHILIP HOLZHOUR, *et al.*, Plaintiffs in Errror, *vs.* HENRY MEER, *et al.*, Defendants in Error.

1. *Justices' court—Mechanics' lien against land alone, for tearing down building. Execution on justice's transcript may be quashed in such case, when.*—A mechanic has no lien for work and labor performed in tearing down a building, and he has in no case a lien upon land without buildings or improvements attached thereto. And where the statement filed with the justice declares the work and property to be of that description, this of itself shows that the court can have no jurisdiction, and that the proceeding is a nullity; and in such case an execution issued from the Circuit Court on a transcript sent up from the justices' court may be quashed on a motion.

*Error to St. Louis Circuit Court.*

*Hitchcock, Lubke & Player*, for Plaintiff in Error.

The judgment is conclusive and binding, unless reversed or modified upon appeal, although it may be manifest that the judgment was erroneous, because the justice had jurisdiction of the "subject matter" of mechanic's liens. (Freem. Judgm., § 135; 33 Ill., 166; 1 Allen, 448; 12 Cal., 128; 3 Pet., 193; 19 Md., 375.)

II. The mechanic has his election under the statute, and may proceed against the land alone. The complaint filed with the justice shows that the work of the plaintiffs was for "improvements" upon this land. The mechanic who ex-cavates a cellar has certainly no greater claim to having "improved" a lot of ground, than the mechanic who tears down an old building or removes *debris* therefrom, to enable the owner either to repair by building upon the same foundation, or to substitute other improvements."

III. It was certainly error to set aside and vacate the general judgment against Meer.

*E. C. Kehr*, for Defendant in Error.

I. The law does not give a lien upon real estate for work done in tearing down a building. It contemplates a lien only where a building, erection or improvement has been put up. (Wagn. Stat., 907–8, § 2; 908, §§ 3, 4; 911, §§ 17, 18, 21; 912, § 23; Houck Mec. Liens, § 154, p. 159; § 155, p. 160; § 156, p. 162; § 204, p. 212.) And the term, "improvement" in the statute, means such permanent and substantial erections as essentially augment the interest which the tenant has in the land. (Thomas vs. Smith, 42 Penn. St., 73.)

II. Where the law declares the lien to be on the building and lot of land on which it stands, it is held to apply to both the building and the land, not separately, but both together. (Belding vs. Cushing, 1 Gray, 579; Coddington vs. Drydock Co., 2 Vroom, 480; Houck Mec. Liens, 212, § 204.)

WAGNER, Judge, delivered the opinion of the court.

In pursuance of the act of 1871, (Wagn. Stat., 811*a*, ed. of 1872) the plaintiffs instituted a proceeding before a justice of the peace in St. Louis County, for the purpose of enforcing a mechanics' lien. The justice gave a judgment accordingly, and a transcript thereof was duly filed with the clerk of the Circuit Court. Upon the transcript an execution was issued, which was afterwards set aside and quashed, and the plaintiffs sued out their writ of error.

It is contended by the plaintiffs that the decision of the Circuit Court was wrong, as the justice acquired jurisdiction over the case, and that defendant's only remedy was by appeal. If their premises are granted their conclusion necessarily follows. Though the judgment of the justice was erroneous or reversible, still if he had jurisdiction over the subject matter, an appeal to a competent court was the proper mode of correcting the mistake. But if the record shows that the judgment was void or that the justice proceeded without any authority, then his proceedings may well be treated as a nullity, and the court had the undoubted right to quash any execution issued upon them.

The account filed before the justice, on which the lien was

claimed, states that the work was done in tearing down an old house, and the judgment rendered thereon was made a lien against the lot alone, without any reference to any building or erection on it.

The first section of the statute relating to mechanic's liens, gives to every mechanic or other person who shall do or perform any work or labor upon, or furnish any material for any building, erection or improvements upon land, or for repairing the same, by virtue of any contract, a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor, on which the same are situated, to the extent of one acre; or if such building erection or improvement be upon any lot in any town, city or village, then the lien shall be upon the building and the lot.

The 3rd section declares, that the lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements, for which they were furnished or the work was done, in preference to any prior lien or incumbrance or mortgages upon the land upon which the buildings, erections or improvements were erected or put, and that any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser thereof may remove the same within a reasonable time. (Wagn. Stat., 907–8.)

It will be observed that the necessary pre-requisite to the enforcement of a mechanic's lien, is, that the mechanic or other person shall do or perform work or labor upon, or furnish materials for a building, erection or improvements upon land, and the law then attaches the lien to the building, erection or improvements, in the first place, and also to a certain quantity of land on which the same may be constructed.

This is upon the idea that the work or labor or materials have been a benefit to the realty or enhanced its value. In certain cases even the building or improvements may be sold separately and taken away. In every instance, however, the buildings or improvements are regarded as the primary objects which confer the lien, and the land is added thereto, where it belongs to the owner or proprietor. The law pre-

sumes that something valuable has been placed upon the land, and it is nothing but right that those whose labor or materials have furnished it should receive their compensation, and if it is not voluntarily paid, that the property itself should be answerable for it. But this principle can certainly have no application to the case at bar. Here there was no labor performed for erecting anything on which a lien could attach. Nothing was put on—no improvements were made. The work was for tearing down an old building, a thing for which the statute gives no lien.

The judgment is involved in the same mistaken notion. It gives a lien against the land but nothing else. For this we know of no authority. A lien may be taken against buildings or improvements without the land, but it cannot be taken against the land alone, unless these necessary attachments are upon it. It is true this error in the judgment might not be available if the court had rightly obtained jurisdiction, but the plaintiff's own pleading which lies at the foundation of the suit, shows that he had no cause of action, and that the judgment is an entire nullity. No legal process, therefore, could be issued upon it.

The judgment is affirmed; all the judges concur.