JOHN T. MAJOR ET AL.

v.

JOHN COLLINS ET AL.

1. MECHANIC'S LIEN—SEPARATE PROPERTY—SALE EN MASSE.—In proceedings for a mechanic's lien, where the buildings erected are separate and distinct, and the property susceptible of division, it is error to decree a sale of all the property *in solido*.

2. EQUITABLE ASSIGNMENT.—Where a builder has assigned all his interest in the building contract to another, and the owner of the premises has knowledge of such assignment, such third party becomes the equitable assignee and owner of the avails of the building contract, and of the lien arising therefrom.

3. CROSS-BILL—DISMISSAL OF ORIGINAL BILL.—Where a cross-bill to a petition for a mechanic's lien is filed by an equitable assignee of the contract and lien, the complainant in the original petition for a lien, who is merely a nominal party, can not dismiss his original petition and thus defeat the equitable assignee of his rights, as set up in the cross-bill.

4. EQUITABLE ASSIGNEE—RIGHT OF ACTION.—Whether the lien of a mechanic or material man is assignable, so as to give a right of action in his own name to the assignee is not decided; but when an action in the name of the material man is commenced to enforce the lien, such assignee may have it carried on for his benefit upon such terms and conditions for the protection of the nominal party from costs and damages, as the court may think proper.

Error to the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding. Opinion filed November 26, 1882.

This was a petition for a mechanic's lien, brought by the defendant in error, John Collins against the plaintiff in error, John T. Major. The petition sets forth in substance, that on the 21st day of August, 1880, Major was the owner of lots 1, 2, 3, 20 and 21, of block 4 in Harwood and Goodspeed's subdivision, Sec. 9, T. 38 N., R. 14 east, 3d P. M., in Cook county, and that on or about that day he entered into a written contract with Collins, by which the latter was to furnish the materials and do the work for the building of five houses, to be erected one on each of said lots, each of said houses to have a separate roof; that Major was to pay Collins for the houses $2,950 in installments as the work progressed.

The petition alleges that Collins completed the houses on or about October 30, 1880, in accordance with the terms of the contract, and that the whole amount of the agreed price for the houses, less $100 paid on account, was due and unpaid at the time of filing the petition.

The petition further alleges that before and at the time of making the contract, said lots were incumbered for a larger sum than they were worth; that there was a trust deed to David H. Keyes, to secure notes for $4,000 payable to Helen A. Harwood, and a second trust deed to Harry Byrne to secure a note to Mary Buckley for $2,200. The petition alleges that the cash value of the lots did not exceed $250 each. Major, Keyes, Harwood, Buckley and Byrne were made parties defendant; and subsequently, the petition was amended by making unknown owners parties defendant.

Major answered under oath, admitting the making of the contract as alleged, but denying that anything was due to petitioner. Alleges that subsequent to the commencement of the suit Collins and himself had an accounting together in respect to the building of the houses, and there was found due to Collins $150, which he paid by giving him an order for accruing rents. Keyes and Harwood answered, denying knowl-

edge of the contract between Major and Collins and asserting their rights under the trust deed to Keyes.

Subsequently leave was given to make defendant in error Hartwell, a party defendant. Hartwell answered and filed his cross-petition, claiming a lien on the premises. He alleges in substance that September 21, 1880, and when only $100 had been paid on the contract, Collins indorsed on the contract an order directing Major to pay to Hartwell all moneys then and thereafter to become due on the contract; that said order was given for a good and valuable consideration paid by Hartwell to Collins, of the giving of which order Major had notice. The cross-petition contained various other allegations not necessary to be stated.

The cross-petition was taken *pro confesso* as against Byrne and Buckley. Major answered, denying most of the allegations of the cross-petition, and alleging that, on the 20th day of November, 1880, and after the filing of the original petition, he executed another trust deed on the premises to one Howard as trustee, to secure an indebtedness of $2,500, and that, on November 23, 1880, he sold his equity in the property to one Addie West. Harwood and Keyes demurred to the cross-petition, which demurrer was sustained and the petition was dismissed as to them.

It further appears that on January 6, 1882, the defendants presented to the court the written stipulation of Collins to dismiss his original petition, and moved that the same be dismissed in accordance therewith, which motion was referred to the master to take proofs and report his conclusions thereon. His report was adverse to the motion, and the court refused to dismiss.

February 23, 1882, leave was given to Hartwell to amend his answer and cross-petition instanter, which he did by striking out so much of the same as claimed a lien upon the premises in question, and inserting a claim for an equitable lien on the moneys to be recovered by Collins under the contract; and an order was entered by the court that the answers and replications on file stand as such to the cross-petition as amended.

Proofs were taken, and upon final hearing a decree was entered for the petitioner. The decree finds that Collins made the contract as set forth in his petition, and that the only moneys ever paid by Major to Collins on said contract, prior to the assignment to Hartwell was $100, paid Sept. 21, 1880; that Collins, for a valuable consideration, assigned in writing to Hartwell all the money then due or to become due on said contract, of which assignment Major had full notice at the time.

That Collins performed his contract, and is entitled to a lien as prayed for in his petition, for the sum of $3,085. That Hartwell has an equitable lien on the whole of that sum; that in equity the proceeds or moneys arising from the enforcement of said lien by sale or otherwise, should stand charged with the claim of Hartwell, to the amount of $3,085, with interest from the entry of the decree.

That the value of each lot mentioned is $250, and the value of each house is $800. That Collins has a *first* lien ( subject to the equitable charge of said Hartwell ) on said houses, and a *third* lien on said lots, to the amount of $3,085 and costs. That Helen A. Harwood has a first lien on said lots, and a second lien on said houses; and that the unknown owners of notes secured by trust deed to Harry Byrne, have a second lien on said lots, and a third lien on said houses.

The decree provided that unless Major or some of the defendants should pay into court within ten days, $3,085, with interest and costs, the master should sell the premises described in the petition, and out of the proceeds pay first the costs, second, out of 16-21 of the net proceeds he pay Hartwell $3,085, with interest thereon from the date of the decree, and third, pay the residue into court, to be by said court distributed according to law.

Mr. Dewitt C. Jones for plaintiffs in error; that a complainant is bound by the case made by his bill, cited McKay v. Bissett, 5 Gilm. 499; Morgan v. Smith, 11 Ill. 361; Rowan v. Bowles, 21 Ill. 17; Belanger v. Harvey, 90 Ill. 70; Vennum v. Vennum, 61 Ill. 331; Fish v. Clelland, 33 Ill. 253.

The court is presumed to reject improper evidence, and if there is not enough proper evidence to sustain the decree it will be reversed: Hillyer v. Lewis, 81 Ill. 264; Stone v. Wood, 85 Ill. 603.

A sworn answer must prevail unless overcome by evidence equivalent to two witnesses: Fish v. Stebbins, 65 Ill. 493.

The answer constitutes an admission of record which can not be disputed: Knowles v. Knowles, 86 Ill. 1; Weider v. Clark, 27 Ill. 251; Maher v. Bull, 39 Ill. 531; Board etc. v. Greenebaum, 39 Ill. 609.

It is error to render a decree broader than the prayer of the bill: Forquer v. Forquer, 21 Ill. 296; Hall v. Towne, 45 Ill. 493; Wing v. Goodman, 75 Ill. 159.

Defaulted parties are concluded by a decree *pro confesso* only to the extent of the averments in the bill: Cook v. Heald, 21 Ill. 429.

The contract must be to erect a building on some particular lot of land: Power v. McCord, 36 Ill. 214; Burkhart v. Reissig, 24 Ill. 529.

Where error has intervened the whole decree must be reversed, as well to those who do not join in error as to others: Thompson v. Wiltberger, 56 Ill. 386; Mack v. Brown, 73 Ill. 295; Montgomery v. Brown, 2 Gilm. 581.

All suits in chancery must be brought in the name of the real party in interest: Winkelman v. Kiser, 27 Ill. 21; Elder v. Jones, 85 Ill. 384.

The right to acquire a lien is personal and can not be transferred to another: Caldwell v. Lawson, 10 Wis. 332; Pearson v. Tucker, 36 Me. 384; Rollins v. Cross, 45 N. Y. 766; Roberts v. Fowler, 3 E. D. Smith, 632; C. & V. R. R. Co. v. Fackney, 78 Ill. 116; Phillips on Mechanic's Lien, 52.

The lien given by statute is in derogation of common rights and should be strictly construed: Cook v. Heald, 21 Ill. 429; Belanger v. Harvey, 90 Ill. 72.

A vendor's lien can not be assigned: Stagg v. Small, 4 Bradwell, 192; Markoe v. Andreas, 67 Ill. 34.

The decree should make apportionment of the burden each should bear: Steigleman v. McBride, 17 Ill. 300; Culver v.

Elwell, 73 Ill. 537; Small v. Stagg, 95 Ill. 38; Bayard v. Mc-Graw, 1 Bradwell, 134.

Mr. MORTON CULVER, for defendants in error; that a mechanic's lien is not assignable, cited Rollins v. Cross, 45 N. Y. 766; The Young Stone v. St. James' Church, 61 Barb. 489; Hallahan v. Herbert, 11 Abb. 326; Hubbell v. Schruyer, 14 Abb. Pr. 306.

WILSON, J.   We are constrained to reverse the decree of the court below on the ground that it provides for a sale of the premises *in solido*, without making an apportionment of the burden to be borne by each house and lot, and ordering a sale of each separately.   Section 22 of the Mechanic's Lien Law provides: "If any part of the premises can be separated from the residue and sold without damage to the whole, and if the value thereof is sufficient to satisfy all the claims proved in the cause, the court may order a sale of that part."

The petitioner avers that Collins agreed to furnish the materials and construct for Major five houses, to be erected on each of five different lots, each of said houses having a separate roof, etc., for the agreed sum of $2,950.   There was evidence tending to show, and the decree finds, that the value of each lot was $250 and the value of each house, $800.   It also appears that there were existing incumbrances on the land, and that Major had conveyed his equity of redemption in the property to one.

The case falls directly within Culver v. Elwell, 73 Ill. 541. There as here the claim was for labor and materials furnished in the erection of five houses on five different lots in Culver's addition to Evanston, and the decree was for the sale of the property in gross.   The court said: "Another serious error assigned is that the decree establishes liens upon all these buildings, five in number on separate lots, as upon one building.   If these five buildings were one block, covered by the same roof, such decree would be proper.   We understand these buildings to be distinct and separated from each other. This being so, the rule in Steigleman v. McBride, 17 Ill.

300, applies, where it is said, if the work done or materials furnished are upon distinct premises, the lien must be against each of the several premises according to the value of the work and materials on each."

In the present case, the decree finds the aggregate value of the houses to have been $4,000, and for aught that appears enough might have been realized to satisfy petitioner's claim by a sale of less than the whole of the lots.

Various other points are made by plaintiffs in error, all of which we consider as without merit. It sufficiently appears from the proof that Collins completed his contract in substantial accordance with its terms, and that when only $100 had been paid on the contract, Collins, by his written indorsement thereon, ordered the money due and to become due on the contract to be paid to Hartwell. By this indorsement Hartwell became the equitable assignee and owner of the avails of the lien. That Major was fully aware of Hartwell's equitable rights at the time of his alleged settlement with Collins, a careful examination of the evidence leaves no room for a reasonable doubt, if, indeed, such settlement was not wholly collusive and fictitious. When, therefore, the defendant moved for the dismissal of the suit upon Collins' written stipulation, the court properly denied the motion. Collins, by his assignment of the avails of the lien to Hartwell, had become but a nominal party, and Hartwell, having by his answer and cross-bill brought his claim to the notice of the court, was entitled to have them protected.

The question as to whether the lien of a mechanic or material man under our statute is assignable, so as to institute or carry on proceedings in the name of the assignee for its enforcement, is not involved. It may be fully conceded that such lien is not assignable without in the least affecting the right of the usee or person beneficially interested in the proceeding, to have a suit, when once commenced, carried on for his benefit, upon such terms and conditions for the protection of the nominal party against damages and costs, as the court in the proper exercise of its discretion may prescribe.

For the reason hereinabove first expressed, the decree of the court below is reversed, and the cause remanded for further proceeding in conformity with this opinion.

Reversed and remanded.