DENNIS SHINE'S EXECUTRIX, Appellant, v. ARTHUR W. HEIMBURGER *et al.*, Respondents.

St. Louis Court of Appeals, January 2, 1895.

1. **Mechanics' Liens:** ACCIDENTAL DESTRUCTION OF BUILDING. When a building is entirely destroyed by a cyclone before the acceptance or completion of it and is thereon replaced by another, a subcontractor who has done work on it and furnished materials for it is not entitled to a mechanic's lien therefor, if no part of the materials so furnished entered into the construction of the new building, and the risk of such destruction was not assumed by the owner as between himself and the original contractor.

2. **Building Contracts:** RISK OF ACCIDENTAL DESTRUCTION. If a building is destroyed from accidental causes in the course of its construction, the loss will fall upon the contractor for its erection, unless the contract provides otherwise.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED (*Bond, J., dissenting*).

*Henry M. Bryan* for appellant.

When a subcontractor's right to a lien accrues, it is to a lien upon a building then in process of construction and to the land upon which said building is then situated, and this lien is given upon both land and building for the purpose of securing to him payment for his work done and materials furnished, and, therefore, when his lien is perfected by compliance with the statute, it may be enforced against all that remains of

the security held out to him by the statute, whether of
land or building; and the partial or total destruction of
the building will not deprive him of the security afforded
by the land.   In contemplation of law there is at every
stage in the progress of an improvement upon land a
building, and upon such building and the lot upon
which the same is situated our mechanics' lien law gives
to the subcontractor a lien to secure to him payment
for his work done and materials furnished; and the loss
or destruction of any portion of the security without
his fault can not deprive the subcontractor of the
remaining security.   Revised Statutes, section 6705;
2 Jones on Liens, sec. 1538; *Clark v. Parker*, 58 Iowa,
509; *Freeman v. Carson*, 27 Minn. 516; *Stuart v.
Broome*, 59 Tex. 466; *Milner v. Norris*, 13 Minn. 455;
*Sontag v. Brennan*, 75 Ill. 279; *Steigleman v. McBride*,
17 Ill. 301; *Gaty v. Casey*, 15 Ill. 189; *Schwartz v.
Sanders*, 46 Ill. 18; *Paddock v. Stout*, 121 Ill. 571;
*McLaughlin v. Green*, 48 Miss. 175; *Ganahl Lumber Co.
v. Drew*, 43 Mo. App. 363.

*Seneca N. Taylor* and *Chas. Erd* for respondent.

Though a subcontractor may have furnished
material and labor which entered into the construction
of a building, yet if before the completion of the build-
ing, and before he has filed his lien, the building is
destroyed by fire or wind storm, so that nothing he has
furnished remains in the building, he can not enforce
a mechanic's lien against the land.   *Holzhour v. Meer*,
59 Mo. 436; *Simmons v. Carrier*, 60 Mo. 581; *Schulen-
berg v. Railroad Co.*, 67 Mo. 444; Phillips on Mechanics'
Liens, sec. 12; Houck on Liens, 212; *Presbyterian
Church v. Stetler*, 26 Pa. St. 246; *Wigton & Brooks'
Appeal*, 28 Pa. St. 161; *Coddington v. Dry Docks Co.*, 31
N. J. L. 480; *Schukraft v. Ruck*, 4 Daly (N. Y.), 1;
*Baird v. Otto*, 2 Pa. Dist. Rep. 484.

BRIGGS, J.—Where a building prior to its completion or its acceptance by the owner is totally destroyed by a cyclone, can a subcontractor who furnished and laid the brick enforce a mechanic's lien against the land, and a reconstructed building thereon, when no part of the old materials were used in the new building, or remain on the premises? The record in the present case presents this question for decision.

There is practically no dispute about the facts. The defendant, Fannie E. Carroll, is the owner of a lot in the city of St. Louis. On or about the nineteenth day of January, 1893, she entered into a contract with her co-defendant Heimburger to erect on the lot a two story brick building. Heimburger sublet the brick work to Dennis Shine, who furnished the brick and completed his contract on the sixth day of April, 1893, except washing down the walls, which could not be done until the carpenters got through with their work, and building an ash pit, which on request of Mrs. Carroll he delayed until the ground could be graded. On the eleventh day of April, before the roof was on, and while Heimburger was at work on the building, an unprecedented wind storm blew down the walls, leaving only a small portion of the wall standing, which was so wrenched and cracked that it had to be removed, Shine refused to rebuild the walls, and new ones were built by a third party, who furnished new materials, the old materials being worthless. Shine gave notice of his lien claim to Mrs. Carroll on the twenty-six day of April, and on the twentieth day of May he filed it in the proper office. Shine died after the institution of the suit. The action was subsequently prosecuted by his executrix. The cause was submitted to the court without a jury. On its own motion the court gave the following declaration of law:

"The court declares the law to be that, if it finds from the evidence that, during the course of the construction of the house in question and before it was completed or accepted by the architect of Mrs. Carroll, the owner, the same was blown down substantially to the foundation walls, and that, after it was so blown down, no part of the brick furnished by said Dennis Shine remained in or were relaid upon said premises, then the jury will find for the defendant, Fannie E. Carroll, and against plaintiff as to said mechanic's lien." Which said instruction the court did give, and to the giving thereof plaintiff did then and there except.

Judgment was entered in favor of the executrix against Heimburger for the debt, but the finding was against the estate as to the lien.

The question presented may be said to be a new one in this state. It was incidentally discussed in the case of *Holzhour v. Meer*, 59 Mo. 434. The question in judgment there was whether there could be a mechanic's lien on land for tearing down and removing therefrom an old building. The circuit court sustained the lien. The supreme court vacated the judgment upon the principle, which underlies all mechanics' lien statutes, that the right of a mechanic or material man to a lien rests upon the idea that the work done or materials furnished have been a benefit to the realty or enhanced its value. The court, however, in concluding its opinion made use of this language: "The judgment is involved in the same mistaken notion. It gives a lien against the land but nothing else. For this we know of no authority. A lien may be taken against buildings or improvements without the land, but it can not be taken against the land alone, unless these necessary attachments are upon it." This discussion was outside of the case, and was, therefore, *obiter dictum*.

The question was again referred to in the case of *Schulenberg v. Railroad*, 67 Mo. 442. There the plaintiff attempted to enforce a mechanic's lien against a depot which had been constructed on the right of way of the defendant company. During the pendency of the suit the building was burned. The lien was rejected, on the ground that the right of way of a railroad could not be subjected to a mechanic's lien. But the destruction of the building is referred to incidentally in the opinion. It was said: "In the present case it is admitted that the depot was burned down before the suit was tried, though not before it was commenced. In Pennsylvania it seems to be decided that, as the lien on the land is incidental to the lien on the house built on it, if the house is destroyed by fire or otherwise, the lien on the land is gone (*Wigton & Brooks' Appeal*, 28 Pa. St. 161); and our court seems to have entertained a similar view. *Holzhour et al. v. Meer et al.*, 59 Mo. 436. The point, however, is not important in this case. Whether the destruction of a building on which a lien is claimed would abolish the lien is a point not arising in this case, and it is, therefore, left for future adjudication."

In the case of *State ex rel. v. Drew*, 43 Mo. App. 362, the question for decision was the right of the relator, who had procured a judgment enforcing a mechanic's lien against certain premises, to have the proceeds arising from a sale under a prior mechanic's lien on the same premises apportioned under section 6727 of the Revised Statutes of 1889. There the first lienor furnished lumber for an ice house. The owner failed to pay for the lumber, and a lien was filed on the house and one acre of ground. After the house had been completed and accepted, and during the pendency of the suit to enforce the lien, the building was burned. The suit, however, was prosecuted to judgment against

the land. In the meantime the owner erected another ice house on the same land, and the relator furnished the lumber for the new house. The owner failed to pay for the second bill of lumber, and the relator filed a lien against the house and lot and obtained a judgment enforcing it. In the argument of that case it was conceded by counsel, and we so decided, that the first lien was not lost by the destruction of the building, but continued on the land. We are not disposed to recede from that holding, although the question, by reason of the concession, did not then receive the examination which it merited. There the building was *completed* and *accepted* by the owner prior to its destruction, which, in our opinion, presents a case essentially different from the one we have here.

The foregoing are the only reported cases in this state (of which we are advised) that have any bearing on the matter under discussion, and it will be seen that we are practically dealing with a new question. The courts of other states have decided the question in different ways, but the contrariety of decision seems to have resulted from different constructions of the mechanics' lien statutes, some of the courts construing the law most favorably to the mechanic, the others limiting its operation in the interest of the owner of the land.

In the case of the *Presbyterian, Church v. Stettler*, 26 Pa. St. 246, the supreme court of Pennsylvania decided that, if the building was destroyed before a sale under the mechanic's lien judgment, the lien was gone. The court treated the question as follows: "No amount of labor or materials furnished for the erection of a building would create a lien if no building should be erected. So, if the building, after erection, should be destroyed by accident, *before the ground on which it stood passed to a purchaser*, the lien would be gone. The reason for binding the land is gone with the build-

ing. Any other construction would defeat one of the objects of the law, which was to promote the improvement of the country by encouraging mechanics and material men to furnish labor and materials for erecting buildings. But, if the lien continues on the land after the building is destroyed, how are those who erect the new building on the premises to be protected." The doctrine of this case is reasserted in *Wigton & Brooks' Appeal*, 28 Pa. St. 161, and also applied in case of *Baird v. Otto*, 2 Pa. Dist. Rep. 484.

The case of *Schukraft v. Ruck*, 6 Daly, 1, was to enforce a mechanic's lien against a lot, the building for which the materials were furnished having blown down before the notice of the lien was filed. There the court held that under the New York statute the filing of the notice *created the lien*, and, if at the time such a notice is filed, there is no building, there could be no lien. The defendants, said the court, "are in no way answerable for the fall of the building. It was erected under a contract, and the loss arising from its having blown down falls upon the contractor, who must erect another or answer in damages for the nonperformance of his contract."

In other states it is held that, if the lien has *attached* prior to the destruction or removal of a building, the lien remains and may be enforced against the land alone. These decisions are based on the principle, that the chief object of mechanics' lien statutes is to secure persons who perform work or furnish materials in the construction of buildings or other improvements, and whose claims accrue from day to day and can not be otherwise secured, and that such statutes should be liberally construed so as to carry out the purposes of the law. To this end it is ruled that the lien *attaches* from the time the work is commenced or he materials furnished, and, for the purpose of enforc-

ing preferences or priorities over intervening encumbrances, the lien relates back to the commencement of the building itself. Thus, in the case of *Freeman v. Carson*, 27 Minn. 516, the original contractor performed labor and furnished material in repairing a mill. During the progress of the work the mill was burned. The contractor filed a lien against the land alone, and the supreme court sustained his judgment enforcing his lien. The court said, in substance, that the lien of the mechanic was not terminated by the destruction of the building after the performance of the work but before the account is filed, and may be enforced against the land, notwithstanding the destruction of the building.

In case of *Sontag v. Brennan*, 75 Ill. 279, the building was destroyed by fire during the process of erection. The plaintiff had the contract for the carpenter's work. His lien was enforced against the land; but it appeared that by the express terms of his contract the *risk of destruction by fire* was to be on the *owner*.

In *Paddock v. Stout*, 121 Ill. 571, the mill was destroyed after it had been *completed and accepted* by the owners, but before the lien account was filed. The plaintiff had furnished the machinery for the mill—the portion remaining after the fire had been sold by the owners. The suit was to enforce a lien on the lots and the money arising from the old machinery. The right of recovery was upheld. The cases of *Steigleman v. McBride*, 17 Ill. 300, and *Gaty v. Casey*, 15 Ill. 189, recognize and enforce the same principle. So, in the case of *Clark v. Parker*, 58 Iowa, 509, the plaintiff filed a mechanic's lien for labor and materials furnished for a building. One Olston filed a prior mechanic's lien against the house alone, which was subsequently enforced. There the plaintiff's lien was enforced

against the land alone. It was insisted by the defendant that the decree enforcing Olston's lien divested the plaintiff's lien, for the reason that a mechanic's lien could not be enforced against the land alone. In ruling on the point the court said: "As the lien by express provision *attaches* from the outset upon the land, as well as upon the improvements, and rests alike upon both, we think that it must be held to remain upon the land after the improvements have been destroyed or removed."

The supreme court of Texas had the same question before it. *Stuart v. Broome*, 59 Texas, 466. There Broome was the original contractor, and he sought to enforce a mechanic's lien for materials furnished for a building. After the lien paper had been filed, the building was burned, so that nothing was left standing except east wall. The contention was that the lien could not be enforced against the *debris* and the lot. The supreme court ruled against this. It was said in the opinion: "The statute gives the lien upon a house constructed with materials furnished, and also upon the lot or lots upon which it is constructed, and it would be a novel doctrine, under such a statute as we have, to hold that, because *a part of the property* upon which the lien is given may have been destroyed by fire or otherwise, that, therefore, the creditor loses all the evidence of his security. The statute was enacted for the protection of material men and mechanics, and they are certainly not expected to take the security which the law holds out to them as insurers, that the entire property upon which the lien is given shall continue to exist, or otherwise that they shall lose the benefit of that part of the security which may be left, after a *part* has been destroyed without fault of the lien holder."

We have called attention to the foregoing cases to

which we have been cited, for the purpose of showing that their facts were essentially different from those in the case at bar, except in the cases of *Schulenburg v. Railroad, supra;* and *Sontag v. Brennan, supra.* The lien in the *Schulenburg case* was denied because no portion of the right of way of a railroad could be subjected to a mechanic's lien—the court expressly declining to pass on the question we have here. In the *Sontag case* the work was completed and accepted before the house was burned, but the lien against the land was sustained, for the reason that by the express provisions of the building contract the *risk* of destruction by fire rested on the *owner.* In the decision of the case, we are, therefore, substantially without a precedent.

The right of a subcontractor to a lien on the land arises out of equitable considerations. The idea is that the subcontractor has contributed and the owner has received something which has been added to the land, thereby enhancing its value. This is the underlying principle. *Holzhour v. Meer,* 59 Mo. 436. It is also the law of this state that the lien of a contractor or subcontractor *attaches* to the building, and to the land incidentally, from the date of the performance of the work or the furnishing of the materials, and for the purpose of enforcing priorities against intervening incumbrances it will be made to relate back to the commencement of the work on the building. *Douglass v. St. Louis Zinc Co.,* 56 Mo. 388; *Kuhlman v. Schule,* 35 Mo. 142. But in the present case the point in dispute does not, in our opinion, depend entirely for its solution upon the construction of our mechanic's lien statute. The building, before its *completion or acceptance,* was destroyed by the act of God. Mrs. Carroll received no benefit from the work performed by Shine. In equity she ought not to pay for it, unless she carried the risk.

The question, therefore, is where was the risk of the destruction of the building as between Mrs. Carroll and Shine. It seems to us that the answer to the question is decisive of the case, notwithstanding the right of Shine to a lien attached at the time he commeced the work.

Now, as between Heimburger and Mrs. Carroll, the loss of the destruction of the building was with Heimburger, for the reason that his contract to build the house was unconditional, so far as this record shows. If he desired to protect himself against casualties during the progress of the work, he should have done so in his contract. This is upon the principle that, when a party contracts unconditionally to do a thing which is not impossible of performance, he must do it or answer in damages for its nonperformance. *Tompkins v. Dudley*, 25 N. Y. 272; *Adams v. Nichols*, 19 Pick. 275; *Harmony v. Bingham*, 12 N. Y. 99; *School District v. Dauchy*, 25 Conn. 530; *School Trustees, etc., v. Bennett*, 3 Dutcher (27 N. J. Law) 514. All of the foregoing cases treat of the liability of contractors for the accidental destruction of buildings during the process of their construction, and they all hold that the loss must be borne by the contractor, where he has failed to stipulate in his contract against the liability of loss. If Heimburger is not entitled to a claim for *any* work done by himself, upon what principle can Shine insist on a lien for part of the aggregate work which was to be done by Heimburger. All the cases concede that a subcontractor is bound to look to the terms of the contract between the contractor and owner, the only relaxation of the rule being that he is not bound by the price limited in the contract, but may recover the reasonable value of the work or materials furnished by him, although in excess of the contract price between the owner and original contractor. This con-

cession in favor of the sucontractor, which is recognized in *Hilliker v. Francisco*, 65 Mo. 598, and subsequent cases, can be supported only on the theory that the owner, having appropriated the subcontractor's work and materials, impliedly charges his land with the additional value of which he has received the benefit.

Our conclusion is that, if a building is destroyed during the process of construction from accidental causes, the loss is not to be borne by the owner, unless the contract so provides; and that, where there has been an entire destruction of the building under such circumstances, and none of the old materials have been used in its reconstruction, neither the land nor the new building can be subjected to claims for work done or materials furnished for the first building. To hold otherwise would violate the principle underlying all mechanics' lien statutes.

The judgment of the circuit court will be affirmed. Judge ROMBAUER concurs. Judge BOND dissents.