Bratton *v.* Ralph *et al.*

Filed January 10, 1896.

No. 1,842.

## Bratton *v.* Ralph et al.

Mechanics' Lien.—*On Land.*—*House Destroyed by Fire Before Completion and Before Filing Notice of Lien.*—A subcontractor is entitled to a lien on the land, for work done and material furnished in plastering a house, which was destroyed by fire before its completion, and before the notice of lien was filed, under section 7256, R. S. 1894, making the entire land upon which any building is erected, including the portion not covered therewith, subject to the lien.

From the Vermillion Circuit Court.

*Conley & Sawyer*, for appellant.

*Ward & Rhenby*, for appellees.

Gavin, C. J.—A subcontractor sought to foreclose a mechanic's lien on appellee's land for work done and material furnished in plastering a house in process of erection thereon. Before its completion and before the notice of lien was filed, the building was destroyed by fire without the owner's fault. The question for our

determination is whether the right to the lien was lost with the building or continued against the land.

Our statute, section 7255, R. S. 1894, gives to contractors, subcontractors and all other'persons performing work on or furnishing material therefor a lien upon the building or structure, which "they may have erected, altered, repaired or removed, or for which they may have furnished material or machinery of 'any description and on the interests of the owner of the lot or land on which it stands" for their work on and material so furnished for and used in such building.

By section 7256, "The entire land upon which any such building, erection or other improvement is situated, including that portion not covered therewith" shall be subject to the lien.

As to the question here in issue the authorities are at variance. Pennsylvania early led off with the holding that the lien was given largely because the land was benefited by the. erection of the building and the lien on the building was the principal thing while that on the land was merely the incident, it being superadded by the Legislature because it was essential to a full enforcement of the lien against the building which had become attached to and a part of the realty. Therefore it was held that with the destruction of the building the lien on the land was lost; this holding was also deemed more politic as favoring future improvements. Other cases take the same view. *Presbyterian Church* v. *Stettler*, 26 Pa. St. 246; *Wigton and Brooks App.*, 28 Pa. St. 161; *Goodman* v. *Baerlocher*, 88 Wis. 287, 60 N. W. Rep. 415; *Schukraft* v. *Ruck*, 6 Daly 1; *Coddington* v. *Dry Dock Co.*, 31 N. J. Law 477; *Shine's Exx.* v. *Heimburger*, 60 Mo. App. 174; *Shine's Exx.* v. *Heimburger*, 1 Mo. App. 111.

Other courts have been disposed to construe the law

liberally in favor of the mechanics and material men, regarding their protection as the principal object of the law and considering the right to take the lien to apply equally to the land and building, special priorities of lien, however, being given as to the building by some statutes. *Clark* v. *Parker*, 58 Ia. 509; *Freeman* v. *Carson*, 27 Minn. 516; *Steigleman* v. *McBride*, 17 Ill. 300; *Schwartz* v. *Saunders*, 46 Ill. 18.

The cases of *Sontag* v. *Brennan*, 75 Ill. 279, and *McLaughlin* v. *Green*, 48 Miss. 175, have also been looked upon as lending some support, although really but slight, to this position.

It may be noted that in both the 17 Ill. case and that in 31 N. J. Law, which have been rather widely cited upon the different sides of this question, the statements in the opinions bearing upon it are, largely at least, *dicta*. The text books do not give us much aid in arriving at a correct solution of the problem. Phillips on Mech. Liens, section 12, cites the authorities on both sides with some statement of the reasons on which they are founded. Jones on Liens does likewise. Kneeland, section 160, goes a little further and expresses his opinion in favor of a course midway between the two.

There may be room as urged by counsel for distinguishing our statute when given a strict and literal interpretation from some of those involved in the latter line of cases, but the general purpose of our statute as construed by our own later decisions, is the protection of the laborers and material men and is in harmony with them. *Clark* v. *Huey*, 12 Ind. App. 224; *McNamee* v. *Rauck*, 128 Ind. 59; *Midland R. W. Co.* v. *Wilcox*, 122 Ind. 84; *Scott* v. *Goldinghorst*, 123 Ind. 268.

The last case cited declares that the lien attaches

although the building may never "stand" upon the land by reason of its nonconstruction, the foundation only being put in.

We are saved from entering into any more extended consideration of the principles upon which we base our reversal of the judgment below by the fact that since the submission of the cause to this court the Supreme Court has decided the question adverse to the contention of appellees, holding that when the work has been done, or the material furnished, the right to take the lien upon complying with the statutory requirements becomes fixed, and it is not lost, so far as the land is concerned, by the destruction of the building prior to filing the notice. *Smith* v. *Newbaur* (144 Ind. Sup. ——), 42 N. E. Rep. 40. This decision we regard as right upon principle and decisive here.

Judgment reversed.

Filed January 10, 1896.