## Otto E. Weber v. Milton B. Bushnell and Carl C. Bushnell.

1. MECHANIC'S LIENS—*Assignment of Contract—Decree in Favor of Sub-contractor.*—A building contract was assigned to sub-contractors as collateral security, and was subsequently reassigned to the original contractors who brought lien proceedings and obtained a decree ordering payment of the amount found to be due to themselves and to the sub-contractors. *Held*, that the assignment did not defeat the claim for a lien, that the complainants were the proper parties to file the petition, and that, it being made to appear that the sub-contractors were equitably entitled to a part of the moneys due to the complainants, the court properly so decreed.

2. SAME—*Waiver.*—Whether a lien has been waived is essentially a matter of intention, especially as between the owner and the contractor.

**Mechanic's Lien Proceedings.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

M. B. & F. S. LOOMIS, attorneys for appellant.

WILLIAMS, LINDEN, DEMPSEY & GOTT, and J. A. COLEMAN, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Appellant was the lessee, for a term of ninety-nine years, of certain premises in Chicago, and on October 4, 1894, entered into a written contract with the appellees, whereby the latter undertook to erect for him an apartment house upon the premises for the agreed price of $40,000, and this

was a petition filed by appellees to establish a mechanic's lien upon said premises for a balance claimed to be due to them under the contract.

The decree found that although the nominal price to be paid was $40,000, the actual price was only $28,750.

It further found that appellees made a sub-contract with Von Platen & Dick, whereby the latter were to furnish material and labor upon the building, and that there was due to them the sum of $8,269.35 therefor, which constituted a part of a total of $8,433.04, found to be due to appellees.

Von Platen & Dick came into the transaction about March 5, 1895, upon which date they entered into a written agreement with appellant, wherein it was recited, among other things, that "Von Platen & Dick have agreed to complete the unfinished work as far as the funds hereinafter named will permit, and to carry out from this date the contract heretofore made by and between said Otto E. Weber and the firm of M. B. and C. C. Bushnell, and also with the firm of Dinwiddie & Newberry, architects, as far as said funds will permit."

And it was agreed as follows, in part:

"Said Otto E. Weber hereby assigns, transfers and conveys said property heretofore described, to said Von Platen & Dick, as trustees, for the purpose hereinafter named.

First. Said Von Platen & Dick are to furnish funds to complete the work on said building, to the point where, according to the terms of said lease, said Otto E. Weber is entitled to draw on the loan of twenty-five thousand dollars ($25,000) made thereon by Lyon, Gary & Co., whereupon said Von Platen & Dick are to draw the money on the loan made by Lyon, Gary & Co. to the said Weber, and to pay out the same as follows, to wit:

To Dinwiddie & Newberry seven hundred and fifty dollars ($750).  To M. B. and C. C. Bushnell the balance of said loan."

And on the same date there was indorsed upon the back of the contract entered into between appellant and appellees the following:

" For value received we hereby assign and transfer this contract to Von Platen & Dick, March 5, '95.

BUSHNELL & BUSHNELL,

M. B. BUSHNELL,

C. C. BUSHNELL.

I consent to the above assignment, March 5, 1895.

OTTO E. WEBER."

And subsequently the following was also indorsed upon said contract:

" This contract having been assigned to us by M. B. Bushnell and C. C. Bushnell, on the 5th day of March, 1895, as collateral security, we do hereby surrender said collateral and re-assign and retransfer said within contract to said M. B. Bushnell and C. C. Bushnell November 4, 1895.

VON PLATEN & DICK."

Appellant's brief says:

" The principal contention here, as in the court below, is over the following propositions, to wit:

First.    The assignment of the original building contract by complainants to Von Platen & Dick defeated any right or claim for a lien on the part of complainants.

Second.    All right or claim for a lien, either on the part of complainants or of Von Platen & Dick, was superseded and rendered null and void by the subsequent contract between defendant Weber and Von Platen & Dick, made and acted upon with the knowledge and consent of complainants, and for their benefit.

Third.    Complainant's lien, if they ever had any, was lost, because they did not, within four months after the last payment became due and payable according to the terms of the original contract, either bring suit to enforce their lien or file their claim for a lien with the circuit clerk, as required by the statute.

Fourth.    Complainant's lien, if they ever had any, was defeated because of an overcharge on their part of $11,750; such overcharge having been made by them with intent to defraud defendant Weber.

Fifth.    The notice of sub-contractors' lien by Von Platen

& Dick was not given within the time required by the statute.

Sixth. Errors in the findings and decree of the court below."

We may but briefly speak of such propositions. The answer to the first one is that the question of application of the avails of the lien does not concern the appellant. We think the evidence fairly shows that the assignment of the contract by the Bushnells to Von Platen & Dick was intended to be only as collateral security, and not absolute, and that it was always so considered by appellant until it became his interest to defeat the lien.

As between the appellees and Von Platen & Dick, the record discloses no controversy, and we see no ground to permit the appellant to concern himself with the decree in such regard so long as he is not prejudiced. The appellees were the proper parties to file the petition, and it being made to appear to the court that Von Platen & Dick were equitably entitled to a part of the moneys due to appellees, the court properly so decreed it. We refer to Phenix M. Ins. Co. v. Batchen, 6 Ill. App. 621, and Major v. Collins, 11 Ill. App. 658.

As to the second proposition, we have examined the answer of appellant, and fail to discover that he presented any such issue in the court below, and we will therefore not take time to demonstrate from the agreement itself that no waiver of lien was intended by it.

Whether a waiver of lien has happened, is essentially a matter of intention, especially as between the owner and the contractor. Phillips on Mech. Liens, Sec. 273 et seq.

The third, fourth and fifth propositions, severally, depend upon our finding the facts upon which they hang contrary to the findings made by the chancellor, and we do not think the evidence would justify us in so doing.

The sixth proposition, as argued, presents no questions not already touched upon.

Our conclusion upon the whole record is, that there was no error of which the appellant can complain, and the decree will therefore be affirmed.