## BENJAMIN D. ELLETT

*v.*

## JAHALON TYLER.

MECHANICS' LIEN — *subsequent purchasers* — *severing the building from the land.* A purchaser of a building from the owner, pending a proceeding to enforce a mechanics' lien created for its erection, will take the title subject to the lien which may be established in that proceeding. And if such purchaser sells the house to another, and induces him to remove it to another lot, he will hold the proceeds of the sale as a trust-fund, liable to discharge the lien.

APPEAL from the Circuit Court of Mercer county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

29—41st ILL.

The opinion states the case.

Messrs. J. R. & J. N. BASSETT, for the appellant.

Mr. B. C. TALIAFERRO, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a suit in chancery, brought by appellee in the court below, against appellant. The bill alleges, that, complainant having a mechanics' lien on a house and lot in Keithsburg, in Mercer county; and having filed his petition against Coburn to enforce his lien, appellant, while that proceeding was pending, purchased the house of Coburn, and then sold it to one Shultz, and induced him to remove the house to another lot of ground. This bill is to compel appellant to account for the proceeds of that sale.

Appellant insists, that, by the purchase, he acquired the title freed from the mechanics' lien. It appears, that appellee prosecuted his suit to a final decree, when he recovered $125 and costs of suit, and a lien was decreed to exist on the property. Under that decree the lot was sold for ten dollars, and appellee became the purchaser, and the master executed a deed for the same to him.

The master reports, that the lot, at the time it was sold, was worth twenty-five dollars. Also, that the house was worth $100. On the hearing the court below decreed, that appellant pay to appellee $100, the amount he received on the sale of the house to Shultz, within ninety days, and in default of payment, that execution issue.

This presents the question, whether appellant, by purchasing the house from Coburn and selling it to Shultz, with full knowledge of the lien, became a trustee, holding the proceeds for the use of appellee; or whether he by his purchase took the property discharged of the lien. In the case of *Gaty* v. *Casey*, 15 Ill. 189, it was held by this court, that the use of the materials furnished gave the lien on the premises and building.

It was also held, that the severance of the materials from the freehold would not remove or discharge the lien. Nor would their severance and sale defeat the lien. But when necessary, the court would treat the money received on such a sale as the property itself, and would follow it into the hands of the party who had converted it into money. And the court say, that it is one of the most familiar principles of equity jurisprudence, and that a court of equity will not permit rights to be thus destroyed by the wrongful act of one who substantially claimed to have converted the property of another into money which he claims as his own.

That case is decisive of this. Appellant had notice of this lien, and that appellee was proceeding to enforce it. And with this knowledge he went to the debtor and purchased the property on which the lien existed. Coburn could not sell, nor could appellant purchase, any better title than Coburn held. Appellant therefore purchased the property subject to the same lien that existed against it while it was held by Coburn, nor has he done any act to free it or the money in his hands from the lien. The money thus received became, in equity, a trust fund liable to discharge the lien.

If appellant had a similar lien he should have set it up in the proceeding which had been instituted by appellee, or by filing a bill, and thus had his rights adjudicated. If Coburn owed him for labor or materials furnished, that gave him no right to appropriate the property to his own use to the exclusion of appellee's claim. But this record fails to disclose such a lien, and we must therefore presume that none existed.

No error is perceived in this record, and the decree of the court below is therefore affirmed.

*Decree affirmed.*

NOTE.—LAWRENCE, J., having tried the cause in the court below, did not sit on the hearing in this court.