ISAAC W. MILNER et al.

*vs.*

CHARLES F. NORRIS et al.

A contract to furnish "all the cut stone required" for a building according to plans and specifications, for such price as the same should be reasonably worth, "payment to be made from time to time as the work under said contract progressed," is *one* contract; and for materials furnished under it, *Ch.* 90, *Gen. St.* a gives lien irrespective of the fact that the

agreement may be to furnish distinct items of material, or to perform distinct items of labor, to be paid for as the work progresses.

Where a contract of this nature is made and partly performed before the execution of a mortgage to a third person and is in process of performance at the time of the execution of the mortgage, the filing of an account as provided by *Sec.* 7 of said chapter, "operates as a lien" "from the *commencement* of such labor or the furnishing of such materials" under the contract, even as against the mortgage, notwithstanding some part of the materials are furnished, and used in the building, after the execution of the mortgage.

If the materials are *furnished before* the filing of the account the statute (if complied with in other respects) secures the lien, although such mate. rials may not be *put into* the building *until after* the filing of the account.

This suit was brought in the District Court for Ramsey county, against McCargar, the original owner of certain premises, and other defendants, the mortgagees, and purchasers under mortgage foreclosure sale, to enforce a claim or lien in favor of the plaintiffs upon such premises and the buildings thereon as mechanics and material men under the statute. McCargar was not served with summons and did not appear in the action. The cause was tried before a referee who found for the plaintiffs. The defendants moved for a new trial; the Court denied the motion, and judgment was entered. The defendants appeal. The facts as found by the referee are sufficiently stated in the opinion of the Court. The defendants claimed among other things that the contract under which the building material was furnished was severable, and that the plaintiffs were not entitled to a lien prior to defendants' mortgage, for materials furnished after the execution and recording of the mortgage.

H. J. Horn for Appellants.

Geo. L. Otis for Respondents.

*By the Court*—BERRY, J.—The referee has found in this case that on the 24th day of July, 1865, McCargar and the plaintiffs entered into a contract whereby "plaintiffs agreed to cut from their own materials and furnish to the said Mc-Carger *all the cut stone required*" for a building, (which McCargar contemplated erecting) according to the architect's plans and specifications, and that McCargar in consideration thereof promised to pay the plaintiffs what the same should be reasonably worth, "payments to be made from time to time as the work *under said contract* progressed."

Clearly this was *one* contract, and it was the only contract under which the materials were furnished, and under *which* payments were to be made as the work progressed. Neither the plaintiffs nor McCargar were at liberty to repudiate it at pleasure, at any stage of its performance.

"Whoever performs labor or furnishes materials    *    * for erecting    *    * any building,    *    * by virtue of a contract or agreement with the owner    *    * thereof, shall have a lien," &c.    *G. S., Ch. 90, p.* 589.

The statute gives the lien irrespective of the fact that the contract may be to furnish distinct items of material or perform distinct items of labor to be paid for as the work progresses.

The contract between plaintiffs and McCargar was made and partially performed before the mortgage to defendant Norris was executed, and the building was in process of construction and the contract in process of performance at the time of the execution of the mortgage. In other words prior to the execution of the mortgage the plaintiffs had *commenced* to perform the labor and furnish the materials contracted for. The fact that some part of the materials was furnished and used in the building after the execution of the mortgage is then not important, because by *Sec.* 7 of *Chap.* 90, *G. S.,* the

filing of an acccount as there provided " operates as a lien " " from the *commencement* of such labor or the furnishing of such materials," that is to say from the *commencement* of the labor performed and materials furnished *under the contract or agreement* before spoken of. Neither is it important that some portions of the material furnished were not put into the building until after the account was filed.

All the materials are found to have been *furnished* before the filing of the account, and it is for materials *furnished* for erecting a building that the statute secures a lien. If this were not so the lien law would be valueless in many cases. We think the last objection made by appellants that the judgment is erroneous in barring all claims of appellants without reserving a right of redemption is not substantial. The statute gives the redemption; it is not in the power of the court to deny it, and it is expressly and repeatedly recognized in the judgment itself.

Order and judgment affirmed.