JAMES G. FREEMAN *vs.* WILLIAM CARSON and others, impleaded, etc.

April 28, 1881.

**Mechanic's Lien — Destruction of Building before Filing of "Account." —** A "mechanic's lien" for labor performed and materials furnished and used for the repairing of a building, is not terminated by the destruction of the building by fire after the performance and furnishing of such labor and materials, but before the "account," provided for by Gen. St. 1878, c. 90, § 7, is filed for record; but may, notwithstanding the destruction of the building, be enforced against the land on which it was situated.

Appeal by defendants from a judgment of the district court for Washington county, where the action was tried by *Crosby, J.*

*McCluer & Marsh,* for appellants, cited *Milner* v. *Norris,* 13 Minn. 455; *Dobbs* v. *Enearl,* 4 Wis. 451; *Farmers' Bank* v. *Winslow,* 13 Minn. 86; Houck on Liens, §§ 160, 204; Phillips on Liens, § 12; *Presbyterian Church* v. *Stettler,* 26 Pa. St. 246; *Wigton & Brooks's Appeal,* 28 Pa. St. 161.

*Mead & Thompson,* for respondent.

CLARK, J.[1] The plaintiff furnished materials and machinery, and performed labor, commencing on the 12th day of April, 1876, and between that date and the 27th day of September of the same year, under a contract with the defendants Charles S. and William S. Getchell, for repairing a mill in Washington county, Minnesota, which, together with the land on which it was situated, comprising five acres, not

---

[1]Berry, J., because of kinship to one of the parties, did not sit in this case, and Cornell, J., because of illness, took no part in the decision.

within the limits of any city, town, or village plat, was owned by them, and such materials and machinery were used for the purpose. On the 27th day of September, 1876, the mill and a portion of the machinery attached thereto were destroyed by fire, and the mill has not been rebuilt. On the 31st day of October, 1876, the plaintiff duly made and filed an "account," under and pursuant to the provisions of Gen. St. 1878, c. 90, § 7, claiming a lien on the above-mentioned premises for the amount due him for such labor, machinery and materials, which was duly recorded on the same day.

This action was brought to enforce such lien, and judgment was entered in the court below, decreeing the amount found to be due the plaintiff for such labor and material to be a specific lien upon all the right, title and interest which the Getchells had in the said real estate, and the appurtenances thereof, on and after the 12th day of April, 1876, and a sale of the premises to satisfy the same. The defendants Carson, Rand, Sherfey and Gilman, having acquired an interest in the said real estate subsequent to the above-mentioned transactions, defended, and they have appealed from the judgment to this court. They claim that the plaintiff's lien became extinct upon the destruction of the building, and that the judgment, in so far as it decrees a lien upon the land, is not justified by the facts found by the court—which are above stated, so far as they are deemed material—and is erroneous.

The ground urged upon us for this claim is that the lien given by the statute is upon the structure, and attaches to the land only so far as its use is necessary to the enjoyment of the building in the construction of which it had its origin; and it is urged that such a construction of the statute is in accordance with just views of equity and public policy. But we are clear that no such construction of the statute is admissible. The "mechanic's lien," so called, is a creature of the statute, and exists exclusively under and in accordance with its provisions. The language conferring the

lien is: "Shall have a lien  *  *  *  upon such house, mill, manufactory, or other building, and appurtenances,  *  *  * together with the right, title or interest of the person owning such house, mill, manufactory, or other building, and appurtenances on and to the land upon which the same is situated, not exceeding forty acres; and if erected within the limits of any city, town, or village plat, the lot of ground on which said house, mill, manufactory, or other building, and appurtenances, is erected, not exceeding in extent one acre." Gen. St. 1878 c. 90, § 1.

In *Milner* v. *Norris,* 13 Minn. 455, it was held that the lien becomes operative from the time of the commencement of the performance of the labor or the furnishing of the materials, as against a mortgagee whose lien attached thereafter, but before the filing for record of the account; and, *a fortiori,* it becomes operative at the same time as against the owner of the premises. Whatever may be thought of the equity or policy of so doing, the statute, in explicit terms, imposes the lien upon the title to the land. The cases in Pennsylvania, to which we are referred, arose upon statutes so worded as to be open to the construction put upon them by the courts of that state; but the terms of the statute of this state, imposing the lien upon the land, are so explicit as to leave no room for construction in this respect.

The decision of the court below having been in accordance with these views, the judgment appealed from must be affirmed.