CLARK & CO v. PARKER ET AL.

1. **Mechanic's Lien:** WILL ATTACH UPON EQUITABLE TITLE. A mechanic's lien will attach upon an equitable title, and will follow the title into the hands of purchasers and assignees.

2. ——: ——: UPON LAND ALONE. The principle object of the law is to provide security for those doing work or furnishing materials from day to day, and the lien will exist upon the land alone, after the improvements have been destroyed or removed.

*Appeal from Montgomery Circuit Court.*

THURSDAY, JUNE 8.

ACTION to foreclose a mechanic's lien. The facts as shown by the findings of a referee and which were not excepted to are in substance as follows: The property against which a lien is sought was originally owned by one Hall. One Parker purchased the property of Hall, and employed the mechanic Olston, who furnished labor and materials for an improvement upon the property, filed his claim for a lien and assigned his claim to the plaintiffs, which is the claim now sued on. Parker the employer of Olston never had a deed of the premises. He had merely a contract for a deed. What if anything he paid does not appear. After Olston's lien had attached, which is the lien in question, Parker assigned his contract to one Potter, and Potter assigned the contract to the defendant Welpton, the appellant. Welpton paid the balance due on the contract to Hall and received from him a deed. Before the Olston lien attached, one Fisher & Co. acquired a mechanic's lien, obtained a decree against the building on the property, and caused the building to be sold on execution; and the defendant Welpton has become the owner of the building through the execution sale Upon the facts thus found the referee held that the plaintiff's were entitled to a lien for the amount of their claim, $264.75,

against the land but not against the building, and decree was rendered accordingly. The defendant Welpton appeals.

*Smith McPherson*, for appellant.

*C. E. Richards*, for appellee.

ADAMS, J.—The appellant contends that the lien in question could attach only to the interest which Parker, the owner

1. MECHANIC'S lien : will attach upon equitable title.

and employer, had in the premises, which, at best, was only an equitable interest, and was subject to Hall's claim for the purchase-money so far as the same was not paid by Parker.

In our opinion the case is not different from what it would have been if Hall, instead of giving a contract for a deed, had given a deed, and taken a mortgage to secure the purchase-money, and afterwards the appellant had purchased and taken a deed of the premises. She would of course have purchased and taken her deed subject to the lien and subject to the mortgage paramount to the lien. Whether upon payment of the mortgage she would be entitled to be subrogated and hold the same for her protection we need not determine. We must be allowed to express great doubt, however, whether if the appellant had set up her payments and proved them she would have been entitled to be allowed the amount thereof as a lien against the premises paramount to the mechanic's lien. But she does not aver in her answer that she paid anything. It is true the referee found that she paid the balance due, but he did not find how much that was, and no exception was taken to the finding. The appellant indeed did not proceed upon the theory that she was entitled to be allowed for payments, but upon the theory that the plaintiffs had no lien and ought to be defeated altogether.

But we think that a mechanic's lien will attach upon an equitable title, and will follow the title into whosesoever hands it may pass. This indeed does not seem to be seriously denied by appellant. Her defense is based mainly upon

other grounds. It is averred in her answer that time was of the essence of Parker's contract, and that he forfeited his rights thereunder. But the findings do not show a forfeiture. They show, it is true, that after Parker assigned his contract, Hall, upon the request of the holder, canceled it and executed a new contract in its place. But this appears to have been a mere substitution, and inconsistent with the idea of a forfeiture. The fair inference is that the new contract was given as evidence of the same rights which were held under the old. The fact that the cancellation of the old contract was made at the request of the holder leads us to suspect that it was a device to defeat the mechanic's lien.

But it is said that the foreclosure of the Fisher & Co. lien and sale thereunder divested the plaintiffs lien. But this 2. ——: ——: we think cannot be so. While Fisher & Co.'s upon land alone. lien was prior in time it was limited by their decree to the building, and the plaintiffs' lien was limited by their decree to the land. Whether right or wrong they were held to attach upon different property. The appellant claims, however, that a lien cannot be given upon the land alone without improvements, and that as the building had been sold when the decree appealed from was rendered the plaintiffs should have been denied a lien.

The general doctrine contended for does not seem to be entirely without support. Houck on Liens, 212. The reason given is that the object of the mechanic's lien law is to encourage improvements, and that if a lien were held to remain upon the land after the improvements had been destroyed or removed it would discourage the improvement of the land, and so operate to defeat the object of the law. But to our minds the principal object of the law is to provide security for a class of persons whose claims gradually accumulate from day to day, and who cannot conveniently protect themselves in any other way. As the lien by express provision attaches from the outset upon the land as well as upon the improvements, and rests alike upon both, we think

it must be held to remain upon the land after the improvements have been destroyed or removed. *Steigleman v. McBride*, 17 Ill., 301.

In our opinion the decree of the Circuit Court must be

AFFIRMED.