## James Pease, Sheriff, v. Joseph H. Francis, Assignee.

1. VOLUNTARY ASSIGNMENTS—*Power of the County Court to Order a Release of Levy.*—When the assignee is in legal possession of the property assigned, and the same is taken from him by the sheriff under an execution against the assignor, the County Court has jurisdiction to protect the possession of the assignee and order a return of the property.

**Proceedings under the Act Relating to Voluntary Assignments.**— Error to the County Court of Cook County; the Hon. ORRIN H. CARTER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

MOSES, PAM & KENNEDY, attorneys for plaintiff in error.

E. A. ROSENTHAL and M. SALOMON, attorneys for defendant in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The facts of this case are that about half past eleven P. M., of September 17, 1895, the plaintiff in error, sheriff of Cook county, received an execution against Leon Hornstein, who had a place of business at 148 Monroe street, in Chicago, and the deputy of the plaintiff went at once to levy, but the place was shut up.

He went again early the next morning, went up in the elevator with two men, who went to the place of Hornstein's business, one of whom unlocked the door, and the deputy went in and took, and has, or had up to the time of

trial below, kept possession under a levy upon the execution.

About half-past ten P. M. of the same September 17, 1895, Hornstein, having executed a deed of assignment for the benefit of his creditors, delivered it to the defendant in error, the assignee, and about half past one A. M. of that night they went together to the place; went in, the defendant in error having the key by delivery from Hornstein, and unlocking the door, walked around in the place, came out and locked up.

At half past six A. M., September 18, 1895, the defendant in error went again, and found a deputy sheriff inside who told the defendant in error that he was pleased to see him, but "you can't come in." Under these facts the County Court was justified in finding that the assignee was in legal possession from half past one A. M., September 18, 1895, and that such possession took precedence of any claim under the execution, upon the doctrine of Feltenstein v. Stein, 157 Ill. 19; and that the County Court had jurisdiction to protect that possession, upon the doctrine of Hanchett v. Waterbury, 115 Ill. 220, as extended by Farwell v. Cohen, 138 Ill. 216. To copy from those decisions, and show their applicability, would not increase knowledge, and the order directing the plaintiff in error to surrender the property to the defendant in error is affirmed.

This case is no precedent as to the sufficiency of the certificate of the County Clerk to the record. We may affirm upon a record which we could not reverse upon. Troy Laundry Machine Co. v. Kelling, 157 Ill. 496. Affirmed.