## Albert J. Stone v. Albert S. Tyler and Louis A. Hippach, Copartners as Tyler & Hippach.

1. MECHANIC'S LIENS—*To What They May Attach.*—A mechanic's lien may attach to the proceeds of property to which the lien had attached, after the property is no longer accessible.

Petition for a Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

Frank J. Crawford and C. D. Smith, attorneys for appellant, contended that the court had equitable powers sufficiently broad to reach all the equities and to adjust all the rights and liabilities of the various parties, and it should have settled, disposed of and enforced the rights of the lien claimants in that suit. Boone et al. v. Clark et al., 129 Ill. 493.

The right of a lien claimant to have a receiver in his suit to enforce his lien can be no greater than those of a mortgagee to have a receiver in his suit to foreclose his mortgage. Statute on Liens (Act of 1895), Sec. 12.

A sale of the property upon which both the mechanic and mortgagee claim a lien ends the lien of both upon the property. If the sale is under a decree in the mechanic's lien suit, it puts an end to the lien of the mortgage. If the sale is under a decree in the mortgage foreclosure suit, it puts an end to the mechanic's lien. Topping v. Brown, 63 Ill. 348; Davis v. Conn. Mut. Life Ins. Co., 84 Ill. 508.

By a sale of the property, whether the same be made in the mechanic's lien suit or in a mortgage foreclosure suit, the parties to the suit are remitted to the fund resulting from the sale. Topping v. Brown, 63 Ill. 348.

The proceeds of the sale represent and stand in place of the land and building, and the parties (the mortgagee and the lien claimant) have the same proportionate interest in the proceeds that they had in the property before it was sold. Bradley v. Simpson, 93 Ill. 93.

An independent action will not lie by a junior incumbrancer to reach the surplus under a foreclosure by a senior mortgagee. He must come into the foreclosure proceedings. Fleiss v. Buckley, Adm'r, 90 N. Y. 286.

There can be no decree giving the mechanic a lien upon property which can not be sold to satisfy the decree. Boughton v. MacDonough Co., 84 Ill. 396.

The court has no authority to enter a personal decree when no lien can be declared against the property. Boughton v. MacDonough Co., 84 Ill. 384; Sprague v. Green, 18 Ill. App. 476.

EDWARD J. WALSH, attorney for appellees.

The appointment of a receiver is a remedy. It is part of the procedure of courts of chancery to conserve and enforce equitable rights, although not an equity itself. 20 Am. & Eng. Enc. of L., 17; Bispham's Eq. Jur., Sec. 36; Hottenstein v. Conrad, 9 Kas. 438.

No matter when the rights of the parties accrued, the remedy in force up to the time of the entry of decree, is the remedy to be pursued. Templeton v. Horne, 82 Ill. 491; Turney v. Saunders, 4 Scam. 527; Barton v. Steinmitz, 37 Ill. App. 141; Hughes v. Russell, 43 Ill. App. 430.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

September 22, 1892, the appellees filed against the appellant a petition for a mechanic's lien, and the suit being still pending, December 12, 1895, they filed a petition for the appointment of a receiver over the premises upon which the lien was claimed. The court appointed the receiver, and this appeal is from the order making such appointment.

The appellees cite Sec. 12 of the " Act to Revise the Law in Relation to Mechanic's Liens," approved June 25, 1895, as authority that the court may appoint a receiver in a mechanic's lien suit, and appellant, in terms, declines to discuss the question whether that act applies to this suit; so that what is now decided is not to be regarded as expressive of any opinion upon that question. The record very clearly shows that there is very little probability—it may well be stated more strongly—that the appellees will ever obtain any part of the money due to them, which originally was $2,672.73 undisputed, besides $174.17 disputed, and which the report of the master—not excepted to—fixes at $3,330.49 due November 30, 1895, unless through a receiver of the rents of the premises while the time of redemption from a sale under a mortgage is running. That mortgage, by consent of both the parties here, had precedence of the lien of the appellees. The sale was December 4, 1895, for $90,776.27 to the mortgagee, which sum was only enough to pay the mortgage decree, costs and expenses.

The cases, Gatz v. Casey, 15 Ill. 189, Ellet v. Tyler, 41 Ill. 449, and Elgin Lumber Co. v. Langman, 23 Ill. App. 250, are authority that a mechanic's lien may attach to the proceeds of property to which the lien had attached, after the property itself is no longer accessible. Whether it has become inaccessible by the fault or misfortune of the party by contract with whom the lien accrued, and who controls the proceeds, can make no difference in the equity of the holder of the lien. The rents of the premises during the time of redemption belong to the appellant. Under contract with him the lien accrued. The rents proceed from the premises to which the lien attached.

Why should they not be applied to discharge the lien? That is a question not to be answered on this appeal from an interlocutory order, but will remain to be decided when the final decree is entered, without any inference from this opinion. It is objected by the appellant that the appellees have delayed in the prosecution of their suit, and that such delay should prevent their relief through a receiver.

On the record that is here, it is impossible to tell who is at fault for the delay, but it is certain that the appellees are not to be blamed that the appellant has not paid them. This opinion is not to be taken as holding that we have enough record here, to reverse any order upon. Pease v. Francis, 63 Ill. App. 338.

The order is affirmed.