[Nos. 888 and 905. January 10, 1902.]

ROSALIA ARMIJO et al., Appellants, v. MOUNTAIN ELECTRIC COMPANY, Appellee; THE MOUNTAIN ELECTRIC COMPANY, Cross-Appellant, v. GEORGE H. MILES et al., Cross-Appellees.

### SYLLABUS.

1. Every matter determined on a former appeal is the law of the case and is binding on us on another appeal.

2. A judgment concludes parties and privies, not only as to any matter which was offered in evidence to sustain or defeat a claim but also as to any other which might have been so offered. Affirming Territory v. Santa Fe Pac. R. R. Co., 62 Pac. 985.

3. If after a mechanics' lien is filed the improvements situated on the land are destroyed by fire, it does not avoid the lien, but the real estate is still liable therefor.

4. When a mechanics' lien is filed on real estate and improvements, a part of which is owned by minors, and the adult defendants complain of a misjoinder and have the suit dismissed as to the minors, it does not relieve the adult defendants from liability, but they are liable to pay the entire debt, as they caused the dismissal to be made as to the minors.

5. Attorneys' fees are an incident to the judgment and can be fixed by the court irrespective of any amount mentioned in the complaint or sworn to by attorneys, and on appeal the amount allowed by the trial court will not be changed unless there is manifest abuse of discretion.

Appeals from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice. District court judgment modified and affirmed.

NEILL B. FIELD for appellants.

The jurisdiction of this court in such a case as this is defined by sec. 897 of the Compiled Laws of 1897. Additional pleadings were in the discretion of the court below, allowable, and issues thus arising were subject to be determined in the same manner and to the same extent as if there had never been a final dcree in the case, so long as such issues were not involved in previous adjudications of this court.

> The Coffey-Emigh Case, 15 Colo. 193, 25 Pac. 83.
>
> People ex rel. Coffey et al. v. Downer, Judge, 33 Pac. 162.
>
> Patts v. Creager, 71 Fed. 574.
>
> In re Sanford Fork & Tool Co., 160 U. S. 247.
>
> Smale v. Mitchell, 143 U. S. 99.
>
> Hardin v. Boyd, 113 U. S. 756.
>
> Reynolds v. Newago, 109 Mich. 403.
>
> Hawkins v. Railroad Co., 99 Fed. 322.
>
> District of Columbia v. McBlair, 124 U. S. 330.

Matters arising out of the destruction of the improvements were not litigated in the former appeals.

> Dexter v. Arnold, 7 Fed. Cas. 583 (3856).
>
> United States v. Samperyac, 27 Fed. Cas. 939.
>
> Putnam v. Clark, 35 N. J. Eq. 140.

The destruction of the premises necessarily extinguished appellee's lien claim.

Our statute defines a lien to be a charge imposed upon specific property by which it is made security for the performance of an act.

> Compiled Laws 1897, title 24, chap. 1, p. 572.

The statute is remedial in character and must be so construed as to effectuate its object.

> Springer Land Association v. Ford, 168 U. S. 524.
>
> Presbyterian Church v. Settler, 26 Pa. St. 246-7.
>
> Wigton & Brook's Appeal, 28 Pa. St. 162.

First Nat. Bk. v. Simmons, 98 Cal. 286.

Cowan v. Griffith, 108 Cal. 225.

Woods v. Wilmington, 41 Atlantic 89.

Shine v. Heinburger, 60 Mo. App. 174.

Coddington v. Beebe, 31 N. J. L. 477.

In some States the destruction of the improvements does not destroy the lien. Cited that the court may see the reasoning.

Clark v. Parker, 58 Iowa 509.

Goodman v. Baerlocher, 88 Wis. 287.

Swartz v. Saunders, 46 Ill. 18.

Bratton v. Ralph, 42 N. E. 644.

Van Stone v. Stilwell & Bierce Mfg. Co., 142 U. S. 129, 135-6.

Appellants can not be held liable to pay 12 per cent interest on the contract price of the dynamos.

Smith v. Johnson, 23 Cal. 64.

Boisot on Mech. Liens, sec 656.

Clear Creek Co. v. Root, 1 Colo. 374.

Philips on Mech. Liens, sec. 214.

Covell v. Washburn, 91 Cal. 562.

Barber v. Reynolds, 44 Cal. 520.

13 Ency. Pl. & Pr., 1030.

Nor for any interest which accrued before entry of judgment.

Sammis v. Clark et al., 13 Ill. 544.

Dwarris on Statutes, 413.

King v. Cunningham, 5 East. 478.

The Warden of St. Paul v. The Dean, 4 Price.

Interest is not given by the common law, for a failure to pay money when it is due, unless the parties have so agreed.

Hawkins, Book 1, ch. 29, sec. 6.

Renns Glass Factory v. Reid, 5 Cow. 608.

Madison Co. v. Bartlett, 1 Scam. 70.

Freeman on Judgments, secs. 251, 276.

Hawley v. Barker, 5 Colo. 119-20-21.

Thomas v. Western Car. Co., 149 U. S. 95.

Redfield v. Iron Co., 110 U. S. 174.

Richmond Construction Co. v. Richmond Railroad Co., 68 Fed. 115.

Gamble v. Voll, 15 Cal. 508.

Watkins v. Wessels, 20 Ark. 419.

Insurance Co. v. Stinson, 102 U. S. 25.

The liability of appellants' property, has its foundation in the doctrine of estoppel, and that doctrine is in theory never permitted to work wrong and injustice.

Phillips on Mechanics' Liens, sec. 13, 75, 65 and 77.

Boisot on Mech. Liens, secs. 282, 266, and 267.

McCarthy v. Carter, 49 Ill. 53.

Price v. Jennings, 62 Indiana 111.

Hall v. Peterkjer, 47 N. J. L. 340.

Johnson v. Parker, 27 N. J. L. 230.

15 Am. & Eng. Ency. of Law, p. 60 and cases cited.

Is this a case in which the court should allow an attorney's fee? and if so what fee should be allowed?

Compiled Laws N. M., 1897, sec. 2229.

Finane & Elston v. Las Vegas Hotel Co., 3 N. M. 411.

5 Ency. Pl. & Pr., 185-6.

Eastburn v. Kirk, 2 Johnson's Chancery 318.

Perea v. Harrison, 7 N. M. 666.

Harrison v. Perea, 168 U. S. 311.

Stimson Mill Co. v. Riley, 42 Pac. 1070.

Jewell v. McKay, 23 Pac. 139.

Boisot on Mech. Liens, sec. 674.

Aldrich v. Dunham, 16 Ill. 403.

JOHNSON & FINICAL and A. B. McMILLEN for appellees.

Where a decree of an inferior court is rendered in conformity with the mandate of the supreme court, it is beyond the control of the latter court when questioned

Armijo v. Mountain Elec. Co.

upon a second appeal in the same case.

> Kingsbury v. Buckner, 134 U. S. 650.
>
> Texas & P. R. Co. v. Anderson, 149 U. S. 237.
>
> Hill v. Chicago & E. R. Co., 140 U. S. 52.
>
> Northern P. R. Co., v. Ellis, 144 U. S. 458.

The new questions which appellants attempt to raise by their amended and supplemental answer, might have been litigated prior to the second appeal, and it was too late after that appeal to do so.

> Purcell v. Coleman, 4 Wall. 519.
>
> Beard v. Burtz, 95 U. S. 434.
>
> Nicle v. Stewart, 111 U. S. 776.
>
> Territory v. Santa Fe Pac. R. Co. (N. M.), 62 Pac. 985.
>
> Cromwell v. Sac. Co., 94 U. S. 351.

The destruction of the Armijo House by fire did not destroy appellee's lien.

> Mt. Electric Co. v. Miles, 9 N. M. 516.
>
> Stewart v. Broome, 59 Tex. 466.
>
> McLaughlin v. Green, 48 Miss. 175.
>
> Paddock v. Stout, 121 Ill. 571, 13 N. E. 182.
>
> Gaty v. Casey, 15 Ill. 189.
>
> Steigleman v. McBride, 17 Ill. 300.
>
> Ellett v. Tyler, 41 Ill. 449.
>
> Clark v. Parker, 58 Iowa 509, 12 N. W. 553.
>
> Smith v. Nabaur (Ind.), 42 N. E. 40.
>
> Freeman v. Carson, 27 Minn. 516, 8 N. W. 764.
>
> Bishop v. Honry, 34 Tex. 245.
>
> State ex rel. Drew, 43 Mo. App. 362.
>
> Linden Steel Co. v. Rough Run Mfg. Co., 27 Atl. 895.
>
> Springer Land Association v. Ford, 168 U. S. 524.
>
> Sec. 2217, Compiled Laws 1897.
>
> Sec. 2209, Compiled Laws 1897.
>
> Sec. 2220, Compiled Laws 1897.
>
> Sec. 2221, Compiled Laws 1897.
>
> Sec. 2223, Compiled Laws 1897.

Sec. 2226, Compiled Laws 1897.

The appellee is entitled to the interest provided in the decree: viz., the interest provided in the contract.

See statutes above quoted and

Willamette, etc., Mining Co. v. Riley, 1 Oregon 87.

Forbes v. Electric Co., 19 Oregon 61; 23 Pac. 670.

Clear Creek, etc. Min. Co. v. Root, 1 Cal. 374.

Philips Mech. Liens, sec. 214.

Boisot Mech. Liens, sec. 650.

The whole interest of appellant in the premises is subject to appellee's lien.

Story's Eq. Pl., sec. 549.

Mountain Electric Co. v. Miles, 7 N. M. 317, 330.

#### OPINION OF THE COURT.

MILLS, C. J.—This is an action to foreclose a mechanic's lien. It is the third time that the case has been before us for consideration. It was first heard under the name of Post v. Miles, 7 N. M. 317; the second time it is reported under the title of the Mountain Electric Company v. Miles, 9 N. M. 512, and this time it comes up under the names at the head of this opinion.

It is unnecessary for us to detail the facts of the case as they are set out in the former opinions of this court referred to above, and we need now only state any additional facts which were omitted in the former opinions, which seem to us to be necessary to a proper understanding of the case, and to set forth what has been done since the case was last decided by us on February 22, 1899.

One of the facts which now seems to us to be material is that the master in the case, on the tenth day of April, 1897, filed a supplementary report. This was before the cause was decided by the learned judge below, on which the second appeal was taken. Since the cause has been

docketed in the district court in obedience to our last decision, 9 N. M. 512, the following steps have been taken, to-wit: on February 15th, 1900, the defendants, Rosalia Armijo, and Josefa Armijo de Heyn, formerly Josefa Armijo, filed an amended and supplemental answer which set out that at the time of the bringing of this suit they each owned an undivided one fourth part of the land in controversy, and that the other half was owned by other persons as tenants in common with them, who were under age at the time of the filing of the suit; that on the tenth day of February, 1897, the buildings on the real property which it is sought to subject to the lien in this suit including the improvements made by the defendants Miles, were totally destroyed by fire, and that if any liability exists it is only for one half part of the improvements, and not for it all. Other grounds are set up in the defense which it is unnecessary for us to consider as no errors are assigned concerning them.

To this supplemental and amended answer a demurrer was filed. The grounds of the demurrer, which are pertinent, being (1) because an amended and supplemental answer could not be filed after the final judgment of the Supreme Court upon the appeal, and (2) because the amended and supplemental answer and the several paragraphs thereof do not set up facts sufficient to constitute a defense, set-off or counterclaim, and (3) that the defendants might have set up the matter contained in the second paragraphs of their answer as a defense prior to the final hearing in the district court upon the report of the master.

The cause and the demurrer came up for final hearing on the twenty-fourth day of March, 1900. The court overruled the demurrer, and entered a decree in accordance with the judgment of this court as expressed in the case of the Mountain Electric Co. v. Miles, 9 N. M. 512, making the mechanic's lien binding on the interests of George H. Miles, Perfecto Armijo, Rosalia

Armijo and Josefa Armijo, in the real estate described in the complaint, and ordering that it be sold to satisfy the lien.   The decree however, made the major part of the debt, to-wit: $1,300, for which sum Miles had given his note to the Mountain Electric Company bear interest at the rate of twelve per cent per annum from March 26, 1892, that being the rate of interest specified in the note, and made the remainder of the debt, $167.25, an open account, bear interest at the rate of six per cent per annum from October 1, 1892.   The decree also allowed as costs in the district court, including a master's fee of $75.00 the sum of $114.15; costs on the first appeal to the Supreme Court, the sum of $48.55; costs on the second appeal to the Supreme Court, amounting to $171.40, of which a balance of $146.20 is still unpaid, and the sum of $450.00 to the attorneys of the Mountain Electric Company, for services rendered in the Supreme Court, and the sum of $2.50 for money expended in filing the mechanic's lien.   From this decree defendants appeal to this court, and set up fifteen grounds of alleged error.

We are bound in the decision of this case by everything that has been determined by this court when the former appeals were considered and passed upon.   The direction in the mandate when this case was last sent back to the district court was that that court was commanded to reinstate said cause upon the docket and dispose of said case in accordance with the law as declared in this opinion.   This language did not direct the entry of any particular form of judgment or for any specified sum, but was a direction to the court to proceed with the case to a final decree, following the legal principles announced in the opinion so far as they were decided.   The judgment of this court did not specify what interest the decree to be rendered by the district court should bear, but it did to all intents and purposes, order  that the Mountain Electric Company should recover judgment in some amount, which should

be determined in the same manner as any other case.

In order to determine this case we will not consider the errors alleged seriatim, but will only pass on those which seem to have a substantial foundation of merit, and the one which looks up prominently, is that which sets out that the building known as the Armijo House, together with the improvements thereon, was totally destroyed by fire on the tenth day of February, 1897, so that neither it nor any part of it remains.

In other words this assignment raises the point as to whether or not a mechanic's lien can be enforced and the land on which the improvements stood can be subjected to a lien, when such improvements have been totally destroyed by fire.

The master made his report on February 5, 1897, and it will be observed that we have stated above that one of the facts which seems to us to be essential to a proper determination of this case was that the master filed a supplemental report on April 10, 1897, two months after the occurrence of the fire. This report made no reference to the fire or of the destruction of the hotel and electric plant. Doubtless no evidence was ever introduced before the master which would have justified him in making such a finding. Exceptions were filed to the report of the master on the nineteenth day of February, 1897, and on the twelfth day of April, 1897, a motion was filed to strike out the supplemental report made by the master. Nowhere, however, does it appear in the record that any motion was ever made for leave to file an amended answer setting up that the property had been so destroyed, nor does it anywhere appear that such a loss was ever suggested to the court, or that any attempt was made to call the attention of the court to such a fact.

We can not for a moment imagine that the learned counsel who so carefully, earnestly and ably represents the appellants, overlooked the importance of this fire or failed to notice its bearing on his case, and we are there-

fore driven to the conclusion that the omission arose from either one of two reasons, to-wit:    (1)    That he felt sure of winning his case on appeal; or (2) that if he lost his case on the appeal then pending, that he would have grounds for additional delay by amending his complaint so as to set up the fire and if beaten again, appealing.

It is unnecessary for us to consider the first of these two grounds but the second we will briefly discuss bearing in mind that the fire occurred on February 10, 1897, and that final judgment was not given by the trial court until June 9th of the same year.    This certainly afforded ample time in which to make a motion for leave to file an amended answer setting up the destruction of the building upon the lots in question.

The amended answer filed since this case was last before us does not however aver that the building in which the electric machinery was situated and the contents thereof were destroyed by fire.    We have held in a case recently decided by us that a judgment concludes parties and privies not only as to any matter which was offered to sustain or defeat the claim, but as to any other matter that might have been offered for that purpose. Territory v. Santa Fe Pacific R. Co., 62 Pac. 985.    If the fire had occurred after the entering of the judgment, the appellants might have pleaded it and they would have been entitled to a hearing now, but not having done so, it would be an injustice to allow them to submit the case on but a portion of the evidence.    Experimenting with that part of their defense and then if defeated to present additional facts which might have been produced at the former trial.

In addition to this the amended  answer nowhere alleges that the electrical plant or the building in which the said plant was located, and which was on the rear of the lots on which the Armijo House was situated was burned.    The amended answer says in substance that the Armijo House was totally destroyed

by fire on February 10, 1897, together with all improve-
ments thereon, alterations thereof and repairs thereto
made by George H. Miles. This we presume means that
the wiring, fixtures, and such part of the electrical im-
provements as were in the Armijo House were destroyed
by fire, but the pleader is careful not to set up that the
power house, in which were the main part of the im-
provements, was so destroyed, and we therefore assume
they were not, especially as the attorneys for appellee in
their brief in commenting on the case state that the
power house did not burn.

We are well aware that the rule of law as to whether
a mechanic's lien for improvements made on a lot can
be recovered when such improvements are destroyed, is
held differently in the different states. Those states
which follow the law as laid down in Pennsylvania hold-
ing that such recovery can not be had, while states which
do not follow Pennsylvania, and it seems to us that they
base their opinions on the better reasoning, and are in
greater number, hold to the contrary rule. Stewart v.
Broome, 59 Tex. 466; McLaughlin v. Green, 48 Miss.
175; Paddock v. Stout, 121 Ill. 571, 13 N. E. 182; Gaty
v. Casey, 15 Ill. 189; Stiegelman v. McBride, 17 Ill. 300;
Ellett v. Tyler, 41 Ill. 449; Schwartz v. Saunders, 46
Ill. 18; Clark v. Parker, 58 Iowa 509, 12 N. W. 553;
Smith v. Nebaur (Ind.), 42 N. E. 40; Freeman v. Carson,
27 Minn. 516, 8 N. W. 764.

Nowhere, however, have we been able to find any
case which holds that where the improvements were in
a detached building erected on a lot on which were
other buildings which were destroyed by fire, but that
the detached building was not so destroyed, that the lien
would fail. To so hold would be against reason, as it
would be saying that if a portion of the security held
by a creditor was destroyed that he must loose the re-
mainder of such security, and not apply the same to the
collection of his debt.

We incline to the opinion that the court below erred

in making the finding of fact "that the indebtedness incurred on account of said materials consists of a promissory note made by the defendant, Miles, for the sum of $1,300, dated March 26, 1892, and which bears interest from date at the rate of 12 per cent per annum," etc., etc., and in basing a conclusion of law and a portion of the decree on that finding. We held in Mountain Electric Company v. Miles, 9 N. M. 512, that the taking of this promissory note was not a waiver of the mechanic's lien, and that "the receiving of a promissory note by the person in whose favor a lien exists from the person to whom he furnished the material, was not collateral security." We see no reason to change this ruling. The promissory note was but the evidence of what Miles and the vendor of the electrical appliances found to be due on the accounting then made between them, and by the giving of such promissory note we do not think that Miles could bind the owners of the property to pay interest at the rate set out in the note which was 12 per cent, nor to pay the attorney's fee which was provided for in said note, in default of payment being made. We think that the amount found due, to-wit: the sum of thirteen hundred dollars should only bear interest at the rate of six per cent, that being the statutory rate allowed by our law when no contract is made fixing another rate. Miles by giving his note could not bind the owners of the real estate to pay more than the statutory rate of interest. The claim of the appellants that no interest should be allowed is not, we think, borne out either by the practice which so far as we are aware has always prevailed in this Territory or by the decisions in other States.

Our statutes provide, sec. 2552, Compiled Laws of 1897, that the rate of interest on money due in current or open accounts in commercial houses shall be six per cent, six months after the date of the delivery of the last article. The record in this case shows that the Mountain Electric Company was a commercial corporation,

and that its business was to furnish materials for and to erect electric light plants, and therefore we clearly think that it comes within the provisions of our statutes, and that being a commercial house it is entitled to charge and recover interest at the rate of six per cent per annum, said interest to begin six months after the date of the furnishing of its last article. The record shows that the electrical appliances were so furnished and tested on February 17, 1892, six months after which date would bring it to August 17, 1892, from which date we think the sum of $1,300 should bear interest at the rate of six per cent per annum.

The record further shows that on March 31, 1892, the appellee furnished other materials for use in said plant amounting to the sum of $167.25, and this sum should also bear interest at the rate of six per cent per annum from September 30, 1892, that being six months after the date of the furnishing of the last article on such bill. With these exceptions we think that the judgment below was correct, and as we are able to compute what the amount would be, and as the property is liable for some amount, we can see no good reason to remand this case to have the finding and judgment changed to conform to this opinion, but we will compute the amount and render judgment accordingly.

Another ground of alleged error is that the court below erred in ordering the sale of all of the interest of George H. Miles, Perfecto Armijo, Rosalia Armijo and Josefa Armijo, to pay the full amount of the liens; the appellants contending that only one-half of the liens found due should be paid by them, as two minors owned one-half of the lands on which the Armijo house and electric plant were situated, and no judgment had been recovered against them.

This assignment of error is not well taken. The two minors were originally parties and a recovery was sought against them when this suit was first brought. Judge Freeman says in his opinion in deciding the case

of Post v. Miles, 7 N. M. 317, which was the title of this
case when it was first before this court:

"Whether the interest of the minors was or was not,
under any circumstances, chargeable with a lien, they
were, if not necessary, at least proper parties to a pro-
ceeding that sought to subject to a lien property in
which they had an interest. But, aside from the ques-
tion as to whether they were proper parties, this defect
in the bill, if defect it was, could be taken advantage
of only by them, or by their guardian for them. It did
not rest with the adult defendants to complain of the
misjoinder. Such misjoinder did not in any manner
affect rights, or embarrass them in their defense. It
is a well-settled rule of equity pleading that a mis-
joinder of parties as defendants can be taken advantage
of only by the parties improperly joined, or, at most, by
such parties as may be injuriously affected by such mis-
joinder. Story, Eq. Pl., sec. 549. In view of the fact,
however, that the joinder of the minors as defendants
was assigned as one of the grounds of the demurrer in-
terposed by all the adult defendants, it becomes unnec-
essary to determine whether they (the minors) were or
were not proper parties. The adult defendants, having
sought and obtained the dismissal of the bill as to them,
are not in a position to complain that they are no longer
parties."

This clearly shows that such of the defendants as
had raised the point as to the minority of some of the
defendants and had caused the bill to be dismissed
against them, could not thereby relieve themselves of the
liability of paying one-half of the debt due, but must pay
it all. They can not profit by their own wrong. In ad-
dition to this, the point of the minority of some of the
owners might have been pleaded in the first answer filed.
It was raised by the demurrer and if it was not set out
in the answer it can not be raised now in the amended
answer as it was one of the facts which might have been
pleaded in the answer, and the appellants, by the rule

enunciated in the case of the Territory v. Santa Fe Pacific R. Co., 62 Pac. 985, are estopped from raising it now.

It is only necessary for us in deciding this case to further consider one more of the alleged errors assigned by appellants and that is the one on which the appellees bring their cross-appeal, and which relates to the allowance of $450 made to the attorneys for the appellees for their services in bringing this case to the Supreme Court on the last appeal, and the services which they have rendered since that time up to the time of this appeal. The appellants claim that this allowance is too great, while the appellees and cross-appellants contend that it is not enough, as this case had been before the Supreme Court twice and had been hotly contested in the district court.

The errors alleged by the cross-appellants are that the court erred in refusing to admit evidence to show the value of the services rendered in the district court on the several trials and of the two appeals to the Supreme Court. Section 2229, of the Compiled Laws of 1897 provides that: "The court may also allow, as part of the costs, the moneys paid for filing and recording the lien, and reasonable attorney's fee in the district and Supreme Courts."

Attorney's fees are an incident to the judgment and can be fixed by the court irrespective of any amount in the complaint. Rapp v. Gold Co., 4 Cal. 532; Mulcahy v. Buckley, 100 Cal. 490; Pac. Mut. Life Ins. Co. v. Fisher, 39 Pac. 758. The allowance of these fees also rests in the sound discretion of the court, and a court of appeals will not alter or change any allowances made, unless there is a manifest abuse of the discretion of the court. In this case the court might have heard any evidence if it so chose, to establish what was a proper allowance to be made as attorney's fees, but we know of no rule which would oblige the trial court to fix the amount of such fee at the amount sworn to by the attorneys.

The court was authorized to exercise its discretion in the allowance of fees.     Pac. Mutual Life Ins. Co. v. Fisher, 39 Pac. 760.    In this case the complaint asks that reasonable attorney's fees may be allowed, stating no sum, and it is in the sound discretion of the court to make such allowance as it sees fit.    It is true that the finding of the court is "that the reasonable value of the services of the attorneys for said Mountain Electric Company in the Supreme Court in the last appeal is $450" but that is all the allowance which is made and as it covers all of the allowances which the attorneys for the appellee and cross-appellants have had in this case we do not consider it as excessive but rather the reverse.

We believe that the interest of justice would not be served by remanding this case to have additional testimony taken as to what the amount of this allowance for attorney's fees should be.    If it was so remanded it would probably come back to us with the amount of the allowance not substantially changed, and we will therefore overrule the cross-appeal.

As we have before stated this is the third time that this case has been before us for review, and as nothing would be gained by having the case remanded, we will by virtue of section 3141, Compiled Laws of 1897, which gives us power "to award a new trial, reverse or affirm the judgment of the district court, or give such judgment as to them seem agreeable to law," modify the judgment rendered below, so as to allow interest on the several amounts set out above at the rate of six per cent instead of at the rate of twelve per cent.    The judgment of the district court is therefore modified and reduced to the sum of $2,895.10, which sum shall bear interest at the rate of six per cent per annum from March 24, 1900, and as thus modified the judgment of the court below is affirmed.

Parker, McFie and McMillan, JJ., concur.

Crumpacker, A. J., having tried the case below did not participate in this opinion.